WALKER STEVENS CANNOM LLP
HANNAH LYNN CANNOM (SBN 245635)
hcannom@wscllp.com
500 Molino Street, Suite 118
Los Angeles, California 90013
Telephone:    (213) 712-9145
Fascimile:     (213) 403-4906

WUERSCH & GERING LLP
KEVIN F. MURPHY (admitted *pro hac vice*)
kevin.murphy@wg-law.com
MICHAEL J. SENZER (admitted *pro hac vice*)
michael.senzer@wg-law.com
100 Wall St., 10th Floor
New York, NY 10005
Telephone:    (212) 509-5050
Facsimile:     (212) 509-9559

Attorneys for Defendant EKSTER INC.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| THOMAS PURCELLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EKSTER INC., a Delaware corporation; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-07908-WLH-JC<br><br>**DEFENDANT EKSTER INC.'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: December 15, 2023<br>Time: 1:30 p.m.<br>Department: 9th Floor, Courtroom 9B<br>Judge: Hon. Wesley L. Hsu |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on December 15, 2023 at 1:30 p.m. in Courtroom 9B, 350 West 1st Street, Los Angeles, California 90012, or as soon thereafter as the Court will order, Defendant Ekster Inc. ("Ekster") will move this Court for an order pursuant to Fed. R. Civ. P. 8(a)(2), 9(b), and 12(b)(6) dismissing Plaintiff's complaint (the "Complaint" or "Compl.") (Dkt. 1-1) for failure to state a claim on which relief can be granted. This Motion is based upon this Notice, the following Memorandum of Points and Authorities, the Declaration of Shauna Cleary and all exhibits thereto, the Request for Judicial Notice, all matters of record filed with the Court, and such other evidence as may be submitted at the hearing on this Motion.

Pursuant to Civil Local Rule 7-3, this Motion is made following the conference of counsel pursuant to the Court's civil local rules. The parties' conference took place on November 8, 2023, in which the parties thoroughly discussed the substance and potential resolution of the filed motion by videoconference. Plaintiff indicated he is opposed to the Motion.

DATED:  November 15, 2023          Respectfully submitted,

**WALKER STEVENS CANNOM LLP**
*/s/ Hannah Cannom*
HANNAH LYNN CANNOM (SBN 245635)
hcannom@wscllp.com
500 Molino Street, Suite 118
Los Angeles, California 90013
Telephone:    (213) 712-9145
Fascimile:     (213) 403-4906

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**WUERSCH & GERING LLP**
*/s/ Kevin F. Murphy* _____
KEVIN F. MURPHY (*pro hac vice*)
kevin.murphy@wg-law.com
MICHAEL J. SENZER (*pro hac vice*)
michael.senzer@wg-law.com
100 Wall St., 10th Floor
New York, NY 10005
Telephone:       (212) 509-5050
Facsimile:       (212) 509-9559

*Attorneys for Defendant EKSTER INC.*

# **TABLE OF CONTENTS**

I.     PRELIMINARY STATEMENT .................................................... 1

II.    THE DEFECTIVE COMPLAINT IN THE ACTION.................................... 1

III.   ARGUMENT ............................................................... 4

      A.     Rules 8 and 12 of the Federal Rules of Civil Procedure Require Dismissal of this Defective Price Comparison Complaint ......... 4

      B.     Plaintiff Failed to Characterize Properly its Price-Comparison Claim Under Ninth Circuit Law ................................ 5

      C.     No Reasonable Consumer Could Conceivably Believe that Reference Prices were Fictitious by Examining One Website... 6

      D.     Plaintiff's Allegations of Damages are Similarly Defective ...... 8

      E.     Plaintiff has Failed to Ascertain the Prevailing Price in the Market for Ekster's Product ........................................ 9

      F.     Plaintiff Has Failed to Plead His Claims with Particularity Under Rule 9(b)............................................. 10

      G.     Plaintiff has Failed to State a Claim for Fraudulent Concealment ............................................................ 11

            1.     Plaintiff's Fourth Cause of Action is Barred by the Economic Loss Rule ......................................... 11

            2.     Plaintiff has Failed to Show in the Complaint How Ekster Intentionally Misled Anyone, Including Plaintiff .......... 12

IV.    CONCLUSION.......................................................... 13

# <u>TABLE OF AUTHORITIES</u>

Page(s)

<u>Cases</u>

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..................................................................................4

*Bautista v. Los Angeles Cty.*,
  216 F.3d 837 (9th Cir. 2000) ...................................................................4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..................................................................................4

*Browning v. Am. Honda Motor Co.*,
  No. 20-CV-05417-BLF, 2022 WL 824106 (N.D. Cal. Mar. 18, 2022)...............12

*Cahill v. Liberty Mut. Ins. Co.*,
  80 F.3d 336 (9th Cir. 1996) .....................................................................4

*Carvalho v. HP, Inc.*,
  No. 21-cv-08015-BLF, 2022 WL 2290595 (N.D. Cal. June 24, 2022)........5, 6, 10

*Chowning v. Kohl's Dep't Stores, Inc.*,
  No. CV 15-08673 RGK (SPx), 2016 WL 1072129 (C.D. Cal. Mar. 15, 2016) .....8

*Ebner v. Fresh, Inc.*,
  838 F.3d 958 (9th Cir. 2016) ....................................................................7

*Fagerstrom v. Amazon.com*,
  141 F. Supp. 3d 1051 (S.D. Cal. 2015)....................................................7

*Haley v. Macy's, Inc.*,
  No. 15-cv-06033-HSG, 2017 WL 6539825 (N.D. Cal. Dec. 21, 2017) ................7

*Ham v. Hain Celestial Grp, Inc.*,
  70 F. Supp. 3d 1188 (N.D. Cal. 2014) ....................................................8

*In re Gilead Scis. Secs. Litig.*,
  536 F.3d 1049 (9th Cir. 2008) ...................................................4, 6, 12

*Jacobo v. Ross Stores, Inc.*,
  No. CV-15-04701-MWF-AGR, 2017 WL 3382053 (C.D. Cal. Aug. 2, 2017)......6

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) .............................................................................10

*Kwikset Corp. v. Super. Ct.*,
   51 Cal. 4th 310 (2011) ...........................................................................................8

*Mullis v. U.S. Bankr. Ct. for the Dist. of Nev.*,
   828 F.2d 1385 (9th Cir. 1987) ..............................................................................3

*Robinson Helicopter Co., Inc. v. Dana Corp.*,
   34 Cal. 4th 979 (2004) ........................................................................................12

*Rubenstein v. Neiman Marcus Grp. LLC*,
   687 F. App'x 564 (9th Cir. 2017) .........................................................................5

*Seely v. White Motor Co.*,
   63 Cal. 2d 9 (1965) ................................................................................ 11, 11-12

*Shimono v. Harbor Freight Tools USA, Inc.*,
   No. EDCV16-1052-CAS(MRWx), 2016 WL 6238483 (C.D. Cal. Oct. 24, 2016)
   ......................................................................................................................7, 10

*Sloan v. Gen. Motors LLC*,
   No. 16-CV-07244-EMC, 2020 WL 1955643 (N.D. Cal. Apr. 23, 2020)........11,12

*Sperling v. Stein Mart, Inc.*,
   291 F. Supp. 3d 1076 (C.D. Cal. 2018) .............................................................5, 6

*Stephens v. Nordstrom, Inc.*,
   No. CV 17-5872 DSF (KSx), 2018 WL 7143623 (C.D. Cal. Dec. 26, 2018) ........9

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ..............................................................................10

*Taragan v. Nissan N. Am., Inc.*,
   No. C 09-3660 SBA, 2013 WL 3157918 (N.D. Cal. June 20, 2013) .......10, 11, 12

*Vess v. Ciba-Geiby Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ............................................................................10

*Viggiano v. Hansen Nat. Corp.*,
   944 F. Supp. 2d 877 (C.D. Cal. 2013) ...................................................... 6-7, 8, 9

*W. Mining Council v. Watt*,

643 F.2d 618 (9th Cir. 1981) .......................................................................4

*Walling v. Beverly Enters.*,

476 F.2d 393 (9th Cir. 1973) ...............................................................10

*Williams v. Gerber Prods. Co.*,

552 F.3d 934 (9th Cir. 2008) .................................................................6

<u>Statutes</u>

Cal. Bus. & Prof. Code § 17501 .................................................................9

<u>Rules</u>

Fed. R. Civ. P. 8(a)(2) ...............................................................................4

Fed. R. Civ. P. 9(b) ..................................................................................10

Fed. R. Civ. P. 12(b)(6)..................................................................*passim*

Fed. R. Civ. P. 201(b) .................................................................................3

<u>Other Authorities</u>

Adam Smith, The Wealth of Nations (Andrew Skinner ed., Penguin Books 1974)

(1776) ......................................................................................................7

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.      PRELIMINARY STATEMENT

Plaintiff brought this action alleging that Ekster on its website (url: www.Ekster.com) offered fictitious discounts from fictitious prices without doing his homework.  Plaintiff jumped to the faulty conclusion that Ekster's reference prices were fictitious by confining his "analysis" to one website.  Finding no reference prices on an archival version of the same Ekster website for the same item, Plaintiff cried foul.  The statutes Plaintiff relies on all require actual deception of the plaintiff by the defendant.  But Ekster in fact sells its goods on a non-exclusive basis, evidenced by its business on third-party-marketplace *Amazon.com*, where its reference prices are set and referred to.  This online marketplace has been available for decades and certainly should have been examined before this action was brought, with its allegations that Ekster acted "unlawful[ly]," "deceptive[ly]," and "fraudulent[ly]" in "immoral, unethical, oppressive, and unscrupulous" ways.  *See* Compl. ¶¶ 47–48, 53–54, 56–59.  Plaintiff's abject failure to conduct a reasonable investigation resulted in his unwarranted deductions of fact and unreasonable inferences.  Plaintiff's Complaint therefore fails to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure and should be dismissed.

### II.     THE DEFECTIVE COMPLAINT IN THE ACTION

Plaintiff alleges that Ekster engaged in what he describes as an "unlawful, unfair, and fraudulent business practice of advertising fictitious prices," with "corresponding phantom discounts on its wallets and many other items sold through its website."  Compl. ¶ 1.  Plaintiff claims such practices violate multiple California consumer-protection statutes, including California's Unfair Competition Law (Business & Professions Code §§ 17200, *et seq.* (the "UCL")); California's False Advertising Law (Business and Professions Code §§ 17500, *et seq.* (the "FAL")); and California's Consumer Legal Remedies Act (California Civil Code §§ 1750 *et*

*seq.* (the "CLRA")) (collectively, the "California Consumer Protection Statutes").[1] Compl. ¶ 4.  As pleaded, these causes of action require that Plaintiff prove that Ekster acted unlawfully and/or with deceptive intent by inventing reference prices so as to offer discounts therefrom and improperly to gin up consumer demand.

Plaintiff alleges that he purchased an Aluminum Cardholder wallet from Ekster for $80, which Ekster appeared to have been offering for $20 off its reference price of $100.  *See id.* ¶ 19. The Complaint alleges that Ekster does so by "striking through" the reference price and listing a lower offered price below.  *Id.* ¶¶ 19–20.  At no point does Plaintiff allege that he returned the wallet, and the only reasonable inference from this omission is that he still maintains possession of the wallet today.[2]

After his purchase, Plaintiff claims that he conducted internet searches of Ekster's website prospectively, and also retrospectively using the WayBack Machine, a digital library the Internet Archive maintains. *Id.*  ¶¶ 19–26.  He alleges that these searches demonstrated that Ekster offers wallets such as the Aluminum Cardholder to consumers at a discounted price from a "reference price."  *See id.*  In his searches, Plaintiff alleges that he could not find where the reference price appeared as the sales price on any past website pages. *Id.* ¶¶ 19–24.  Having found the same reference price for the same wallets over the course of a number of months, Plaintiff concludes *a fortiori* that the Ekster reference price related to the wallet he purchased should have been adjusted to reflect discounted sales, and must have been sold to him using a fictitious reference price. *See id.* ¶ 25.

Plaintiff's Complaint is devoid of any allegations that Plaintiff verified that no Ekster reference price existed in actual use anywhere else, such as on Amazon.com, featuring Ekster products.  Indeed, Ekster does so sell.  *See*

---

[1] Plaintiff also alleges that Ekster violated provisions of the Federal Trade Commission Act (the "FTCA"), specifically, 15 U.S.C. §§ 45, 52. Compl. ¶ 4.

[2] Ekster has no record in its Customer Relationship Management system that Plaintiff actually purchased any product.  Ekster reserves its right to later contest subject-matter jurisdiction, should this case proceed on a satisfactory amended complaint (which Ekster does not concede can be interposed).

Declaration of Shauna Cleary in Support of Motion to Dismiss and Request for Judicial Notice (hereinafter "Cleary Decl.") ¶ 3, Ex. 1.[3] It is clear that Ekster's reference prices on its website are based on reference prices on Amazon.com.

Had Plaintiff conducted the internet search a reasonable person would have conducted for Ekster wallets, Plaintiff would have seen that Ekster was offering wallets on Amazon.com at higher—***non-fictitious***—reference prices.  It appears that Plaintiff simply targeted Ekster's website to confirm that a reference price could not be found, supporting an *a priori* conclusion that Ekster engaged in a deceptive scheme.

Further, Plaintiff insists that his remedy is restitution of the price paid for the Ekster product he allegedly purchased (a wallet).  *See, e.g.*, Compl. at 24–25. While Plaintiff alleges that Ekster's pricing induced him to purchase, he nowhere details that he did not want an Ekster product at any price, that the wallet he allegedly purchased was somehow unsatisfactory, or that this product was worth less than the price he paid for it.  Nor has he returned the wallet and demanded a refund.

Plaintiff's "investigation" is not merely insufficient to warrant the filing of a lawsuit. It is evidence of abuse of this Court, and the Superior Court, in which this matter was originally filed.

---

[3] The evidence provided in Exhibit 1 to the Cleary Declaration—a copy of the landing page for Ekster's webstore on Amazon.com, which notes the availability of the aluminum cardholder wallet in that webstore, Cleary Decl. ¶ 3—is the subject of Ekster's Request for Judicial Notice, which is filed contemporaneously with this Motion to Dismiss. As detailed in that Request, that Exhibit 1 to the Cleary Declaration contains evidence of Ekster's Amazon.com site, on which Ekster offers the same or similar products as are offered on its website, is not subject to reasonable dispute or question, such that Exhibit 1 qualifies for judicial notice. *See* Fed. R. Evid 201(b).  Judicial notice allows consideration of such materials if they are "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  *Id.*  Courts also need not accept as true allegations that contradict facts which may be judicially noticed.  *See Mullis v. U.S. Bankr. Ct. for the Dist. of Nev.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

III.    ARGUMENT

**A. Rules 8 and 12 of the Federal Rules of Civil Procedure Require Dismissal of this Defective Price Comparison Complaint.**

"Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Bautista v. Los Angeles Cty.*, 216 F.3d 837, 841 (9th Cir. 2000) (quoting *Anderson v. Dist. Bd. of Trs.*, 77 F.3d 364, 367 (11th Cir. 1996)). Therefore, the rules of pleading require that any "claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Claims must state enough facts to draw a reasonable inference that a claim for relief is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Failure to state a plausible claim may result in dismissal on the defendant's motion. *See* Fed. R. Civ. P. 12(b)(6).

In assessing plausibility, the Court must assume allegations in the Complaint are true, and construe the Complaint in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). A plaintiff, however, must do more than provide "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The Court need not accept as true conclusory allegations made in the form of factual allegations. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Nor is a court required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). This determination is "context-specific . . . requiring the [C]ourt to draw on its judicial experience and common sense," but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

1
2

**B.  Plaintiff Failed to Characterize Properly its Price-Comparison Claim Under Ninth Circuit Law.**

3
4
5
6
7
8
9
10

The context before the Court is dispositive, and weighs in favor of dismissal of the Complaint.  Where a plaintiff alleges violations of the California Consumer Protection Statutes based on alleged false price comparisons, that plaintiff is expected to plead at the outset whether the goods at issue involve "exclusive products" or "non-exclusive products." *Carvalho v. HP, Inc.*, No. 21-cv-08015-BLF, 2022 WL 2290595, at *4 (N.D. Cal. June 24, 2022). "The justification for requiring allegations of product pricing at other retailers extends to any non-exclusive products, notwithstanding the label that a retailer uses on its site to advertise the strikethrough or comparison price." *Id.*

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In exclusive-products cases, a store receives goods custom-made for sale at the store (e.g., in a specific outlet) and sells—at a lower price—a different version of the product than is sold in traditional retail stores, but the company nevertheless makes use of the traditional retail store price as a reference price for the custom, exclusive product.  *Sperling v. Stein Mart, Inc.*, 291 F. Supp. 3d 1076, 1084 (C.D. Cal. 2018).  A non-exclusive products case, in contrast, occurs where "more than one retailer offers the product at issue for sale." *Id*.  Courts in the Ninth Circuit treat these distinct cases very differently.  Exclusive products cases generally pass muster under Rule 12(b)(6).  *See*, *e.g.*, *Rubenstein v. Neiman Marcus Grp. LLC*, 687 F. App'x 564, 567 (9th Cir. 2017) (reversing grant of motion to dismiss where outlet used retail store price as reference price).  In contrast, in non-exclusive-products cases such as this one, courts tend to reject claims unless the plaintiff specifically establishes that the comparative reference price is misleading.  *See Sperling*, 291 F. Supp. 3d at 1084 (citing *Sperling v. DSW Inc.*, No. EDCV 15-1366-JGB (SPx), 2015 WL 13309476, at *9 (C.D. Cal. Nov. 19, 2015)).  Such complaints survive because "the comparative reference prices could not be misleading on their face, without actually examining what other retailers charged for the items." *Id*. at 1085.

Here, Plaintiff ignored the availability of the source of Ekster's comparative pricing, and simply labeled it fictitious.  By failing, or perhaps ignoring, the obligation to conduct a reasonable investigation, Plaintiff hopes to get the benefit of exclusive-products law in the instant non-exclusive-products case.  Since this case does indeed concern the non-exclusive products Ekster sells in multiple outlets, however, Plaintiff has failed properly allege false-comparison pricing under the California Consumer Protection Statutes.  *See Carvalho*, 2022 WL 2290595, at *4 (dismissing California Consumer Protection Statute claims in non-exclusive-products case on the ground that the plaintiff did not show why strikethrough prices were "inflated" or not reflective of "prevailing market prices") (citing *Sperling*, 291 F. Supp. 3d at 1084); *see also Jacobo v. Ross Stores, Inc.*, No. CV-15-04701-MWF-AGR, 2017 WL 3382053, at *2, 6 (C.D. Cal. Aug. 2, 2017) (explaining that "[i]f pressed, the Court would probably conclude . . . that Plaintiffs have failed to raise a genuine issue of fact as to deception" where the plaintiffs failed to present evidence of "the prices at which other retailers sell the merchandise they purchased") (decision subsequently vacated pursuant to parties' stipulation following class-wide settlement).  The Court need not rely on Plaintiff's faulty reasoning and unwarranted inferences to the contrary.  *Gilead Scis. Secs. Litig.*, 536 F.3d at 1055.

## C. No Reasonable Consumer Could Conceivably Believe that Reference Prices were Fictitious by Examining One Website.

Further, the California Consumer Protection Statutes are governed by the reasonable-consumer standard.  To establish a claim under the FAL, the UCL, or the CLRA, a plaintiff must show that the defendant's claimed misrepresentations are likely to "deceive a reasonable consumer."  *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938–39 (9th Cir. 2008).  "Under the reasonable consumer standard, [the plaintiff] must show that members of the public are likely to be deceived."  *Id.* (citation omitted). A "reasonable consumer" is an "ordinary consumer acting reasonably under the circumstances."  *Viggiano v. Hansen Nat. Corp.*, 944 F. Supp.

2d 877, 884 (C.D. Cal. 2013). This standard "requires more than a mere possibility that [a statement] might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (citation omitted). Instead, the plaintiff must show "a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.* (citation omitted).

A reasonable consumer could not conceivably suffer an injury amounting to a false price ***comparison*** by only examining prices at only ***one*** website. Since the first market became available, consumers have engaged in comparison shopping, examining competing prices for the same product between and among various sellers of that item.[4] Today's consumers are no different, examining prices for the same item through multiple visits to brick-and-mortar stores selling that item, or on online marketplaces, or now with smartphones generally available, both at the same time. This reality is naturally apparent in the price-comparison caselaw, with which Plaintiff seems unfamiliar. *See, e.g.*, *Shimono v. Harbor Freight Tools USA, Inc.*, No. EDCV16-1052-CAS(MRWx), 2016 WL 6238483, at *1–2 (C.D. Cal. Oct. 24, 2016) (plaintiff alleged false comparative pricing between advertisement and price for same product on Amazon.com); *see also Haley v. Macy's, Inc.*, No. 15-cv-06033-HSG, 2017 WL 6539825, at *5 (N.D. Cal. Dec. 21, 2017) (same); *Fagerstrom v. Amazon.com*, 141 F. Supp. 3d 1051, 1057 (S.D. Cal. 2015) (recognizing Amazon.com as "the nation's largest online retailer"), *aff'd sub nom. Wiseley v. Amazon.com, Inc.*, 709 F. App'x 862 (9th Cir. 2017).

No reasonable consumer would have been misled by Ekster's use of strike-through pricing as alleged. Rather than seeing it as some proof of "fictitious" pricing, the consumer interested in Ekster merchandise would have realized

---

[4] "When the quantity brought to market exceeds the effectual demand, it cannot be all sold to those who are willing to pay the whole value of the rent, wages and profit, which must be paid in order to bring it thither. Some part must be sold to those who are willing to pay less, and the low price which they give for it must reduce the price of the whole. The market price will sink more or less below the natural price." Adam Smith, *The Wealth of Nations* 159 (Andrew Skinner ed., Penguin Books 1974) (1776), *available at* www.gutenberg.org/files/38194/38194-h/38194-h.htm#Page_24.

Ekster's practice of sourcing reference prices from Ekster's Amazon.com storefront.  Plaintiff has therefore failed to sufficiently allege an injury under the reasonable-consumer standard applicable to the California Consumer Protection Statutes, warranting dismissal.  *See, e.g.*, *Ham v. Hain Celestial Grp, Inc.*, 70 F. Supp. 3d 1188, 1193 (N.D. Cal. 2014) (dismissing UCL, FAL, and CLRA claims as implausible); *cf. Viggiano*, 944 F. Supp. 2d at 892 n. 38 ("It is obvious from the product packaging that no reasonable consumer would believe that Cap'n Crunch derives any nutritional value from berries.") (quoting *Werbel v. Pepsico, Inc.*, No. C 09-04456 SBA, 2010 WL 2673860, at *3–4 (N.D. Cal. July 2, 2010)).

### D. Plaintiff's Allegations of Damages are Similarly Defective.

In his Complaint, Plaintiff variously seeks "disgorgement" of monies received, *e.g.*, Compl. ¶ 60, or "restoration" (i.e., restitution) of his money used to purchase the Ekster Aluminum Cardholder, *e.g.*, *id.* ¶ 69.  The Ninth Circuit requires that a claimant asserting California Consumer Protection Statute claims must "establish a loss or deprivation of money or property sufficient to qualify as injury in fact . . . that . . . was the result of the unfair business practice or false advertising that is the gravamen of the claim."  *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 322 (2011).

Plaintiff's damages theory of restitution as alleged has been squarely rejected.  To secure restitution, a plaintiff "must account for the benefits or value . . . received at the time of purchase," and "the amount of restitution ordered must represent a measurable loss supported by the evidence." *Chowning v. Kohl's Dep't Stores, Inc.*, No. CV 15-08673 RGK (SPx), 2016 WL 1072129, at *6 (C.D. Cal. Mar. 15, 2016) (granting summary judgment on restitution claim in defendant's favor in consumer-protection-claim case), *aff'd, rehearing denied, and en banc review denied*, 733 F. App'x 404 (9th Cir. 2018).  Here, Plaintiff apparently retains possession of the wallet he alleges he purchased.  Moreover, in the instant class-action context, alternative valuation methods, such as determining the difference between the advertised price a plaintiff claims he should have been charged and the

full price a plaintiff actually paid, have been rejected as non-justiciable.  *See*, *e.g.*, *Stephens v. Nordstrom, Inc.*, No. CV 17-5872 DSF (KSx), 2018 WL 7143623, at *5 (C.D. Cal. Dec. 26, 2018) (finding no damages model proffered in a class-action matter to be justiciable for price-comparison damages purposes).

### E.  Plaintiff has Failed to Ascertain the Prevailing Price in the Market for Ekster's Product.

As noted, Plaintiff also alleges that Ekster violated the FAL, *i.e.*, Business & Professions Code §§ 17500 *et seq.*  *See* Compl. ¶¶ 63–69.  The FAL shares certain attributes, such as the "reasonable consumer" test, with the UCL and the CLRA, and claims under these statutes are often analyzed together. *See, e.g.*, *Viggiano*, 944 F. Supp. 2d at 892 n.38 ("Each of the UCL, FAL and CLRA employs the 'reasonable consumer standard' in determining whether a statement or representation is likely to deceive.") (quoting *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 680 (2006)).  The FAL differs, however, in that it requires a plaintiff to further demonstrate the prevailing price in the market, distinguishable from the complained-of price allegedly causing that plaintiff's injury:

> For the purpose of this article the worth or value of any thing advertised is the prevailing market price, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published. No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement.

Cal. Bus. & Prof. Code § 17501 (2023).

Here, while acknowledging that the FAL specifically requires a claimant to demonstrate with respect to pricing that a product's advertised price and prevailing price were different, *see* Compl. ¶ 51, Plaintiff has studiously avoided determining what the prevailing price was in the market for the Aluminum Cardholder.  Plaintiff's inability to plead the prevailing market price is a fatal pleading defect. *See Carvalho*, 2022 WL 2290595, at *4 (dismissing complaint where a plaintiff failed to allege prevailing market prices); *cf. Shimono*, 2016 WL 6238483, at *1–2, 5 (finding plausible a complaint which, after providing detailed pricing history, specified the prevailing retail price).

### F.  Plaintiff Has Failed to Plead His Claims with Particularity Under Rule 9(b).

Where, as here, a plaintiff is alleging fraud, such allegations concerning fraud must be stated with particularity.  *See* Fed. R. Civ. P. 9(b).  To meet the requirements of Rule 9(b), a pleader must provide "an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)). A pleading is sufficient under Rule 9(b) if it identifies the "circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Walling v. Beverly Enters.*, 476 F.2d 393, 397 (9th Cir. 1973).  Claims made under the UCL, the FAL, and the CLRA must meet the heightened pleading standards required under Rule 9.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *Vess v. Ciba-Geiby Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003). So too with a fraudulent-concealment claim (Plaintiff's fourth cause of action). *Taragan v. Nissan N. Am., Inc.*, No. C 09-3660 SBA, 2013 WL 3157918, at *5 (N.D. Cal. June 20, 2013) (citing *Kearns*, 567 F.3d at 1125). Plaintiff, however, has failed to provide the date and time of the alleged purchase, the location where the purchase was made, and information on the computer from which the purchase

was made, and has generally failed to provide any indicia of an actual purchase of Ekster's Aluminum Cardholder. The Complaint should be dismissed in light of these significant defects.[5]

### G. Plaintiff has Failed to State a Claim for Fraudulent Concealment.

Plaintiff also alleges in support of his fraudulent-concealment claim that Ekster wrongfully failed to disclose that its products were "rarely, if ever, previously offered for sale and/or sold . . . at the higher Reference Price [*sic*] for any reasonably substantial period of time," causing Plaintiff and others to believe they were getting substantial markdowns. Compl. ¶ 79. As noted, this information was not concealed from anyone, but was in fact made available at least on Ekster's Amazon.com page from which reference prices were derived. Plaintiff therefore fails to plead a cause of action for fraudulent concealment.

Fraudulent concealment requires that a plaintiff plead that a defendant intentionally failed to disclose certain facts that would have caused the plaintiff to behave differently, and that as a direct result of the omission, the plaintiff suffered substantial harm. *See, e.g.*, *Taragan*, 2013 WL 3157918, at *5 (citing *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1156 n.3 (9th Cir. 2000)). Additionally, as a tort under California law, fraudulent concealment requires injury beyond economic loss. *Seely v. White Motor Co.*, 63 Cal. 2d 9, 17–18 (1965) (superseded by statute on other grounds); *see Sloan v. Gen. Motors LLC*, No. 16-CV-07244-EMC, 2020 WL 1955643, at *23–24 (N.D. Cal. Apr. 23, 2020).

### 1. Plaintiff's Fourth Cause of Action is Barred by the Economic Loss Rule.

In California, the economic loss rule precludes recovery in tort where a plaintiff's damages consist solely of economic loss, particularly where the claims are limited to alleged omissions, and not affirmative misrepresentations. *Seely*, 63

---

[5] If this Court is inclined to order Plaintiff to amend his Complaint (which Ekster does not concede should be permitted in light of the gravity of the defects at issue here), the Court should also order that the aforementioned specific details be provided.

Cal. 2d at 17–18; *Sloan*, 2020 WL 1955643, at *23–24.  Economic loss consists of "damages for inadequate value, costs of repair and replacement of the defective product or consequent loss of profits—without any claim of personal injury or damages to other property." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004). Claims of disgorgement of monies paid, or restoration of the monies, fall squarely within the economic rule, barring Plaintiff's cause of action for fraudulent concealment.

### 2. Plaintiff has Failed to Show in the Complaint How Ekster Intentionally Misled Anyone, Including Plaintiff.

Under California law, a plaintiff alleging fraudulent concealment must plead more than an omission. Rather, "a plaintiff must assert affirmative acts of concealment; e.g., that the defendant 'sought to suppress information in the public domain or obscure the consumers' ability' to discover it." *Taragan*, 2013 WL 3157918, at *7 (N.D. Cal. June 20, 2013) (quoting *Gray v. Toyota Motor Sales, U.S.A.*, No. CV 08-1690 PSG, 2012 WL 313703, at *10 (C.D. Cal. Jan. 23, 2012)). Far from showing what is required, Plaintiff simply alleges that Ekster disclosed some facts and not others, and that, from his truncated investigation of one website, he believed that Ekster had been deceptive about its pricing. Compl. ¶ 79. Conclusory assertions, particularly based on unreasonable deductions and unwarranted conclusions, are insufficient to withstand a challenge under Rule 12(6)(6). *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). In any event, mere non-disclosure, which appears to be all that is alleged here, does not constitute active concealment. *Browning v. Am. Honda Motor Co.*, No. 20-CV-05417-BLF, 2022 WL 824106, at *17 (N.D. Cal. Mar. 18, 2022).

In sum, Plaintiff's fourth cause of action fails to state a claim for fraudulent concealment under California law and should be dismissed.[6]

---

[6] As detailed above, Plaintiff's fraudulent-concealment claim is also insufficiently pleaded under Rule 9(b) and should be dismissed with Plaintiff's California Consumer Protection Statute claims on the basis of that pleading failure as well.

## IV.   CONCLUSION

For the foregoing reasons, this Court should grant Ekster's motion to dismiss with prejudice and dismiss Plaintiff's claims in their entirety without leave to amend, and grant Ekster any and all other just and equitable relief the Court deems fit.

DATED:  November 15, 2023          Respectfully submitted,


**WALKER   STEVENS   CANNOM   LLP**

By: */s/ Hannah Cannom*
HANNAH LYNN CANNOM (SBN 245635)
hcannom@wscllp.com
500 Molino Street, Suite 118
Los Angeles, California 90013
Telephone:     (213) 712-9145
Fascimile:     (213) 403-4906

**WUERSCH & GERING LLP**

By: */s/ Kevin F. Murphy*
KEVIN F. MURPHY (admitted *pro hac vice*)
kevin.murphy@wg-law.com
MICHAEL J. SENZER (admitted *pro hac vice*)
michael.senzer@wg-law.com
100 Wall St., 10th Floor
New York, NY 10005
Telephone:     (212) 509-5050
Facsimile:     (212) 509-9559

*Attorneys for Defendant*
*EKSTER INC.*

The undersigned, counsel of record for Ekster Inc., certifies that this brief contains 4,188 words, which complies with the word limit of L.R. 11-6.1.

November 15, 2023                        *Hannah L. Cannom*
                                         Hannah L. Cannom