| | |
|---|---|
| 1 | WALKER STEVENS CANNOM LLP |
| | HANNAH LYNN CANNOM (SBN 245635) |
| 2 | hcannom@wscllp.com |
| | 500 Molino Street, Suite 118 |
| 3 | Los Angeles, California 90013 |
| | Telephone:    (213) 712-9145 |
| 4 | Fascimile:    (213) 403-4906 |
| 5 | WUERSCH & GERING LLP |
| | KEVIN F. MURPHY (admitted *pro hac vice*) |
| 6 | kevin.murphy@wg-law.com |
| | MICHAEL J. SENZER (admitted *pro hac vice*) |
| 7 | michael.senzer@wg-law.com |
| | 100 Wall St., 10th Floor |
| 8 | New York, NY 10005 |
| | Telephone:    (212) 509-5050 |
| 9 | Facsimile:    (212) 509-9559 |
| 10 | Attorneys for Defendant EKSTER INC. |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| THOMAS PURCELLEY, individually and on behalf of all others similarly situated, | Case No. 2:23-cv-07908-WLH-JC |
| Plaintiff, | **DEFENDANT EKSTER INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND REQUEST FOR JUDICIAL NOTICE** |
| v. | |
| EKSTER INC., a Delaware corporation; and DOES 1 to 10, inclusive, | Date: January 5, 2024 |
| Defendants. | Time: 11:00 a.m. |
| | Department: 9th Floor, Courtroom 9B |
| | Judge: Hon. Wesley L. Hsu |

## **TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ................................................................................. 1

II. PLAINTIFF'S ENDLESS ROSTER OF "SIMILAR CASES" IS NOTHING OF THE SORT .................................................................................................................. 4

III. EVEN THOSE CASES PLAINTIFF DISCUSSES IN MORE DETAIL ARE INAPPOSITE ................................................................................................................ 6

    A. Sperling v. Stein Mart, Inc. ................................................................................. 6

    B. Carvalho v. HP, Inc. (Carvalho II) ..................................................................... 8

    C. Reasonable Consumer Cases ............................................................................. 9

IV. TAKING JUDICIAL NOTICE OF AMAZON.COM'S WEBSITE IS APPROPRIATE ............................................................................................................ 11

V. PLAINTIFF HAS PLEADED NO AFFIRMATIVE MISREPRESENTATIONS IN HIS COMPLAINT .................................... 12

VI. CONCLUSION ............................................................................................................ 13

# TABLE OF AUTHORITIES

Page(s)
Cases

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..................................................................................................2

*Azimpour v. Sears, Roebuck & Co.*,
  No. 15-CV-2798 JLS (WVG), 2017 WL 1496255 (S.D. Cal. Apr. 26, 2017) .......6

*Bautista v. Los Angeles Cty.*,
  216 F.3d 837 (9th Cir. 2000) ...............................................................................2

*Branca v. Nordstrom, Inc.*,
  No. 14cv2062-MMA (JMA), 2015 WL 1841231 (S.D. Cal. Mar. 20, 2015).......12

*Calderon v. Kate Spade & Co., LLC*,
  No. 3:19-cv-00674, 2020 WL 1062930 (S.D. Cal. March 5, 2020) ......................5

*Carvalho v. HP, Inc. (Carvalho I)*,
  21-cv-08015-BLF, 2022 WL 2290595 (N.D. Cal. June 24, 2022).........................9

*Carvalho v. H.P. Inc. (Carvalho II)*,
  No. 21-cv-08015-BLF, 2022 WL 17825688 (N.D. Cal. Dec. 20, 2022).......*passim*

*Chester v. TJZ Cos., Inc.*,
  No. 5:15-cv-01437, 2016 WL 4414768 (C.D. Cal. Aug. 18, 2016) .................3, 11

*Delman v. J. Crew Grp., Inc.*,
  16-9219-MWF (ASx), 2017 WL 3048657 (C.D. Cal. May 15, 2017) ...................5

*Dennis v. Ralph Lauren Corp.*,
  No. 16cv1056-WQH-BGS, 2017 WL 3732103 (S.D. Cal. Aug. 29, 2017) ...........5

*Ebner v. Fresh, Inc.*,
  838 F.3d 958 (9th Cir. 2016) ...............................................................................9

*Evans v. DSW, Inc.*,
  16-3791-JGB (SPx), 2017 WL 7058233 (C.D. Cal. Feb. 2, 2017)....................5, 7

*Fisher v. Eddie Bauer LLC*,
  No. 19cv857 JM (WVG), 2020 WL 4218228 (S.D. Cal. Feb. 3, 2020)................5

*Freeman v. Indochino Apparel, Inc.*,
    443 F. Supp. 3d 1107 (N.D. Cal. 2020) ............................................................... 12

*Harris v. PFI W. Stores, Inc.*,
    No. SACV 19-2521 JVS (ADSx), 2020 WL 3965022 (C.D. Cal. Apr. 9, 2020) ... 6

*In re Gilead Scis. Sec. Litig*,
    536 F.3d 1049 (9th Cir. 2008) ........................................................................ 8, 10

*Inga v. Bellacor.com, Inc.*,
    No. 2:19-cv-10406-MWF-MRW, 2020 WL 5769080 (C.D. Cal. July 17, 2020)
    .............................................................................................................................. 5-6

*John v. AM Retail Grp., Inc.*,
    7cv727-JAH (BGS), 2018 WL 1400718 (S.D. Cal. March 20, 2018) .................... 6

*Marino v. Coach Inc.*,
    264 F. Supp. 3d 558 (S.D.N.Y. 2017) ............................................................... 5, 7

*Munning v. Gap, Inc.*,
    No. 16-cv-03804-THE, 2016 WL 6393550 (C.D. Cal. Oct. 28, 2016) ................. 6

*Naddeo v. Plestis Studios, Inc.*,
    *No. CV 20-6955 FMO (MAAx)*, 2020 WL 10575048 (C.D. Cal. Nov. 17, 2020) 12

*Ostrovskaya v. St. John Kitts, Inc.*,
    No. CV 21-3243-DMG (PVCx), 2022 WL 2102895 (C.D. Cal. Mar. 31, 2022) ... 5

*Real v. Y.M.I. Jeanswear, Inc.*,
    No. EDCV 17-0870 JGB (DTBx), 2017 WL 11675686 (C.D. Cal. Sept. 1, 2017)
    ................................................................................................................................ 10

*Robinson Helicopter Co., Inc. v. Dana Corp.*,
    34 Cal. 4th 979 (2004) ......................................................................................... 13

*Rouse v. Conner*,
    No. C 12-2121 PJH, 2012 WL 2589240 (N.D. Cal. July 3, 2012) ...................... 12

*Safransky v. Fossil Grp., Inc.*,
    17cv1865-MMA (NLS), 2018 WL 1726620 (S.D. Cal. Apr. 9, 2018) .................. 5

*Shimono v. Harbor Freight Tools USA, Inc.*,
    No. EDCV16-1052-CAS(MRWx), 2016 WL 6238483 (C.D. Cal. Oct. 24, 2016)
    ............................................................................................................................ 6, 9

*Sperling v. Stein Mart, Inc.*,
   15-01411 BRO (KKx), 2016 WL 11265686 (C.D. Cal. Mar. 15, 2016)..........5, 12

*Sperling v. Stein Mart, Inc.*,
   291 F. Supp. 3d 1076 (C.D. Cal. 2018) ............................................................7, 11

*Walling v. Beverly Enters.*,
   476 F.2d 393 (9th Cir. 1973) ..............................................................................9

*Williams v. Gerber Prods Co.*,
   552 F.3d 934 (9th Cir. 2008) ............................................................................10

Statutes

Cal. Bus. & Prof. Code §§ 17200.......................................................................1

Cal. Bus. & Prof. Code §§ 17500.......................................................................1

Cal. Civ. Code §§ 1750 ......................................................................................1

Rules

Fed. R. Civ. P. 8(a)(2) ...................................................................................4, 12

Fed. R. Civ. P. 12(g)(2) .......................................................................................2

Fed. R. Civ. P. 12(h)(1) .......................................................................................2

Fed. R. Evid. 201(c)(2) ..................................................................................2, 11

Regulations

16 C.F.R. § 233 ...............................................................................................3, 10

16 C.F.R. § 233.2 ..................................................................................................7

Defendant, Ekster Inc. ("Ekster"), respectfully submits this reply in support of Ekster's motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6), Dkt. 23 ("Moving Br."), and in further support of its corresponding request for judicial notice (Dkt. 24). For the reasons which follow, Plaintiff's opposition to Defendant's Motion, *see* Dkt. 31 (the "Opposition" or "Opp."), and his corresponding objection to Defendant's request for judicial notice (Dkt. 31-2), should be disregarded. This Court should grant the Motion and take the judicial notice requested by Defendant.

## I.   PRELIMINARY STATEMENT.

Ekster moved this Court to dismiss Plaintiff's Complaint, wherein Plaintiff, based on a sham "analysis" limited to Ekster's website, alleged Ekster offered fictitious reference prices. No reasonable consumer would have reached this conclusion because price-savvy consumers would have been aware the reference price stated must have come from somewhere, or would have at least investigated that distinct possibility. In this day and age, many e-commerce companies, like Ekster, offer goods on multiple websites, including Amazon.com, the largest online retailer in the country. As such, Plaintiff has failed to state a plausible claim for a violation of any of California's Unfair Competition Law (Business and Professions Code §§ 17200 et seq.), False Advertising Law (Business and Professions Code §§ 17500 et seq.), or Consumer Legal Remedies Act (California Civil Code §§ 1750 et seq.) (collectively, the "Consumer Protection Statutes"), under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Plaintiff nonetheless opposes Ekster's motion to dismiss on the following grounds:

- A number of other reference pricing cases have nonetheless proceeded into discovery after a motion to dismiss was brought;
- Although Plaintiff's conclusion that Ekster's reference price was its former price may have been wrong, Plaintiff's investigation was nonetheless adequate;

- This Court's jurisprudence on reference pricing is a "red herring;" and
- Ekster failed to show that substantial sales were made at the reference price.[1]

Each of Plaintiff's contentions are meritless for their own reasons, summarized below. Viewed overall, Plaintiff's Opposition frequently resorts to gamesmanship, a red flag of Plaintiff's lack of confidence in his own investigation. An aggrieved plaintiff should not have to resort to such tactics. Dismissal here would serve judicial economy and prevent a further waste of the parties' and the Court's valuable resources. *See Bautista v. Los Angeles Cty.*, 216 F.3d 837, 841 (9th Cir. 2000) (requiring pleadings to be precise to prevent the docket from becoming "unmanageable").

**Other unanalyzed, string-cited cases**. Under *Twombly* and *Iqbal*, the Court is expected to conduct a conduct-specific inquiry of the facts as alleged, relying on its judicial experience and common sense. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Plaintiff, however, invites the Court at the outset to review 30 price reference cases collected from this Court and others around the U.S., all without analysis or so much as a parenthetical for any. Opp. at 3–4. That other motions to dismiss in reference-pricing cases have failed is beside the point. This motion must be analyzed on the allegations this Plaintiff has made—allegations that Plaintiff has failed to adequately make.

**Judicial Notice**. Plaintiff then urges that the Court should not grant judicial notice because a sister court in *Carvalho v. H.P. Inc.*, No. 21-cv-08015-BLF, 2022 WL 17825688 (N.D. Cal. Dec. 20, 2022) ("*Carvalho II*"), denied such a request. Opp. at 4–5. A court, however, "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2);

---

[1] Defendant has also moved to dismiss Plaintiff's fraudulent concealment claim under the economic loss rule, which it had to raise as a non-jurisdictional defense in its initial response. *See* Fed. R. Civ. P. 12(g)(2), (h)(1). Ekster, however, agrees with Plaintiff that the Court's ruling on this issue should await the California Supreme Court's expected ruling in *Dhital v. Nissan N. Am.*, 523 P.3d 392, 304 Cal. Rptr. 3d 82 (2023) (granting certiorari), and reserves its right to submit additional briefing on this issue if appropriate.

*Chester v. TJZ Cos., Inc.*, No. 5:15-cv-01437, 2016 WL 4414768, at *3 (C.D. Cal. Aug. 18, 2016) (granting judicial notice); *see also* Dkt. 24 at 2.  The *Carvalho II* Court declined to grant judicial notice because it found the relevance of the documents "difficult to understand . . . without an analysis" from the requester or an outside expert. *Carvalho II*, 2022 WL 17825688, at *4.  Here, the relevance of Ekster's parallel Amazon.com site on which Ekster sells the same line of products at issue is crystal clear.  Plaintiff's failure to think of and review Ekster's Amazon.com site demonstrates why Plaintiff's allegations of Ekster's deceptiveness are implausible.

**Plaintiff's assumption of former pricing**. Plaintiff blames the Federal Trade Commission Retail Pricing Guidelines, 16 C.F.R. § 233, for his failure to conduct an adequate investigation because strike-pricing is allegedly reasonably believed to be "former" pricing.  Opp. at 9–10.  But the FTC says nothing justifying that assumption in the cited regulation.

**This Court's Jurisprudence is a Red Herring.**  Plaintiff excuses his failure to distinguish between price reference used with branded outlet stores (exclusive reference pricing) versus those where the products are offered at multiple retailers (non-exclusive reference pricing) by suggesting this case is neither.  Opp. at 5–7.  Plaintiff offers in its place the test from *Carvalho II*, that a court may look to "whether a price is false or misleading in light of the price(s) at which that item is generally available for purchase."  Opp. at 5 (quoting *Carvalho II*, 2022 WL 17825688, at *5).  The *Carvalho* court took this approach, however, because it specifically found that Hewlett Packard's online pricing could "not fit neatly into either category."  *Carvalho II*, 2022 WL 17825688, at *5.  But Ekster offers the same products through at least one other independent retailer, Amazon.com, putting this case squarely in the non-exclusive category, requiring a heightened pleading standard for plaintiff.  Moving Br. at 5–6.  And assuming arguendo that this case falls into neither the exclusive nor the nonexclusive category, Plaintiff's assertions

still fall short, as Plaintiff made no attempt to investigate sites such as the Ekster Amazon.com site offering Ekster's generally available products.

**Burden-shifting**.  Realizing that he failed to plead his case sufficiently, Plaintiff resorts to shifting the burden to Defendant.  Plaintiff asserts that Defendant failed to demonstrate that its Amazon.com storefront made substantial sales at a $100 price point.  Opp. at 10–11.  But it is a plaintiff's burden to allege facts sufficient to state a plausible claim, not a defendant's. *See* Fed. R. Civ. P. 8(a)(2).  Plaintiff has failed to do so—and even failed to mention Defendant's Amazon store (or any investigation of it) in his Complaint.  Moving Br. at 3, 7–8.

## II.  PLAINTIFF'S ENDLESS ROSTER OF "SIMILAR CASES" IS NOTHING OF THE SORT.

Plaintiff invites the Court to review 30 reference pricing cases where the plaintiff stated a plausible reference price injury, and the defendant's motion to dismiss was denied, at least in part.  *See* Opp. at 1–4.  Sadly for Plaintiff, those cases are only "similar" in that they deal with similar subject matter, i.e., reference pricing.  None of the cited cases is accompanied by Plaintiff's recitation of facts or analysis, as either would prove wanting.  While some cases were decided in this or neighboring judicial districts, a number of others hail from as far away as the District of Alaska, and the Northern District of Georgia.  *See, e.g.*, *id.* at 4 (citing *Keating v. Nordstrom, Inc.*, No. 3:17-cv-00030-SLG, 2018 WL 6431879 (D. Alaska Oct. 19, 2018)).  But like an overstuffed bin at now-defunct Filene's Basement, quantity in Plaintiff's opposition bears little relationship to quality.  A laundry list is rarely a persuasive document, and Defendant need not examine each and every one of the cases for the Court to demonstrate how non-analogous each is.  Suffice it to say that none of these cases justify Plaintiff's slipshod "investigation," or leaps of logic.  A dismissal of the Complaint would be well-deserved.

As noted in Defendant's opening brief, Ekster sells its products at multiple retailers, and so falls under the non-exclusive category of reference price cases.  Moving Br. at 3, 7–8.  Such cases require a plaintiff to present its investigation as to

how the "compare at" prices at each of these retailers were false, and how such false discounts duped the plaintiff into buying the product. *See*, *e.g.*, *Ostrovskaya v. St. John Kitts, Inc.*, No. CV 21-3243-DMG (PVCx), 2022 WL 2102895, at *2–3 (C.D. Cal. Mar. 31, 2022). Exclusive cases, in contrast, where the defendant exclusively manufactures products for sale at a lower price at branded outlet stores, do not require the plaintiff to present its investigation. *Id*. at *3–4. Such cases are generally allowed to proceed. But Plaintiff in his opposition does not distinguish these cases and simply lumps the cases together as if they were all decided under the same principles. *See* Opp. at 3–4, relying on, among other cases, *Ostrovskaya*, 2022 WL 2102895 (exclusive-products case); *Calderon v. Kate Spade & Co., LLC*, No. 3:19-cv-00674, 2020 WL 1062930 (S.D. Cal. March 5, 2020) (same); *Fisher v. Eddie Bauer LLC*, No. 19cv857 JM (WVG), 2020 WL 4218228 (S.D. Cal. Feb. 3, 2020) (denying motion to dismiss amended complaint in exclusive case where investigation was expanded into pricing at two outlet stores); *Safransky v. Fossil Grp., Inc.*, 17cv1865-MMA (NLS), 2018 WL 1726620 (S.D. Cal. Apr. 9, 2018) (exclusive); *Marino v. Coach Inc.*, 264 F. Supp. 3d 558 (S.D.N.Y. 2017) (same); *Dennis v. Ralph Lauren Corp.*, No. 16cv1056-WQH-BGS, 2017 WL 3732103 (S.D. Cal. Aug. 29, 2017) (same); *Delman v. J. Crew Grp., Inc.*, 16-9219-MWF (ASx), 2017 WL 3048657 (C.D. Cal. May 15, 2017) (denying motion to dismiss where alternate coherent theories were alleged for exclusive case involving J. Crew factory outlet pricing versus pricing at brick and mortar stores); *Evans v. DSW, Inc.*, 16-3791-JGB (SPx), 2017 WL 7058233 (C.D. Cal. Feb. 2, 2017) (exclusive); *Sperling v. Stein Mart, Inc.*, CV 15-01411 BRO (KKx), 2016 WL 11265686, at *6 (C.D. Cal. Mar. 15, 2016) (denying motion to dismiss in part because plaintiff alleged defendant was "exclusive retailer of Peck & Peck pants").

Other of Plaintiff's listed cases are distinguishable because, unlike the Plaintiff here, plaintiffs in such cases actually conducted reasonable investigations under the circumstances. For example, in *Inga v. Bellacor.com, Inc.*, No. 2:19-cv-10406-MWF-MRW, 2020 WL 5769080 (C.D. Cal. July 17, 2020), this Court denied a

motion to dismiss the plaintiff's complaint. Such a denial was justified because the *Inga* plaintiff reviewed the defendant's product pricing in "the relevant market," *Inga*, 2020 WL 5769080, at *1, providing "relatively robust allegations and examples to support that he was deceived by a distinguishable scheme that employed false former prices," *id*. at *4. Here, Plaintiff was unable to make anything near a robust assertion because he unreasonably assumed Ekster sold its products only on its website. *See John v. AM Retail Grp., Inc.*, 17cv727-JAH (BGS), 2018 WL 1400718, at *1 (S.D. Cal. March 20, 2018) (denying motion to dismiss where plaintiff alleged that, based on attorney's investigation, purchased wallet was not sold in any of defendant's California stores at ticket price); *Azimpour v. Sears, Roebuck & Co.*, No. 15-CV-2798 JLS (WVG), 2017 WL 1496255, at *8 (S.D. Cal. Apr. 26, 2017) (denying motion where months-long investigation revealed several items on "sale" for at least three months); *Munning v. Gap, Inc.*, No. 16-cv-03804-THE, 2016 WL 6393550, at *5 (C.D. Cal. Oct. 28, 2016) (denying motion to dismiss where plaintiff's investigation into multiple "websites" established that defendant's products were routinely sold at the discounted price); *Shimono v. Harbor Freight Tools USA, Inc.*, No. EDCV16-1052-CAS(MRWx), 2016 WL 6238483, at *6 (C.D. Cal. Oct. 24, 2016) (ruling plaintiff conducted a "reasonable investigation" with "detailed price and advertising histories").

    Other cases Plaintiff relies upon did not involve motions to dismiss based on failure to state a claim under Rule 12(b)(6) as here. *See, e.g.*, *Harris v. PFI W. Stores, Inc.*, No. SACV 19-2521 JVS (ADSx), 2020 WL 3965022 (C.D. Cal. Apr. 9, 2020) (motion to dismiss made solely on Article III grounds).

### III.     EVEN THOSE CASES PLAINTIFF DISCUSSES IN MORE DETAIL ARE INAPPOSITE.

#### A. *Sperling v. Stein Mart, Inc.*

Plaintiff asserts that even if this case constitutes a non-exclusive case under this Court's jurisprudence, it need not prove that "no other retailer sold the item

purchased by Plaintiff for $100." Opp. at 7. Rather, as noted in *Sperling v. Stein Mart, Inc.*, 291 F. Supp. 3d 1076 (C.D. Cal. 2018), on which both parties rely, all a plaintiff need do is assert evidence from which a rational trier of fact could infer that the comparative price was inaccurate. *Sperling*, 291 F. Supp. 3d at 1085. But that is precisely what Ekster has complained Plaintiff failed to do. Moving Br. at 6–8 (explaining why Plaintiff has failed to meet the reasonable-consumer standard). In non-exclusive cases, the pricing of the particular product or products at issue is publicly available, and thus plaintiffs are expected to conduct an investigation on which a rational trier of fact might rely. "Because the same items would be sold in different places, the comparative reference prices could not be misleading on their face, without actually examining what other retailers charged for the items." *Sperling*, 291 F. Supp. 3d at 1085. No reasonable consumer would have relied on only one website to determine whether Ekster's pricing was deceptive.[2] Indeed, it is more likely given an online shopper's reliance on Google searches that the Amazon.com website would have been displayed simultaneously with Ekster's.

Plaintiff also asserts that he need not provide any such information because Ekster's strikethrough pricing did not "imply a comparison" with another retailer. Opp. at 7. Many years ago, however, the Federal Trade Commission suggested that such implied comparisons included language such as "Price Elsewhere" and "Our Price," or "Retail Value" and "My Price." *See* 16 C.F.R. § 233.2(a)–(b) (2023) (first promulgated Nov. 8, 1967). Such regulations were designed with brick-and-mortar stores in mind. As such, in the digital age where most purchases are performed online, they are long outdated. In any event, Ekster's strike-through language cannot relieve Plaintiff of the burden to plausibly state his case.

---

[2] Plaintiff also insists that his Complaint should be excused from Rule 9(b) because he cannot be expected to know or plead what Ekster's pricing practices were. Opp. at 14–16. But such excuses are only appropriate in exclusive cases, where the basis for price comparisons are not made available to a plaintiff to conduct an investigation at another retailer. *Marino v. Coach Inc.*, 264 F. Supp. 3d 558, 568 (S.D.N.Y. 2017) (pleading of style numbers for Coach handbags acceptable under Rule 9(b) so that the pricing information can be checked against internal catalog and sales reports); *cf. Evans v. DSW, Inc.*, No. 16-3791-JGB (SPx), 2017 WL 7058233, at *8 (C.D. Cal. Feb. 2, 2017).

### B. *Carvalho v. HP, Inc. (Carvalho II)*

Now alerted by Ekster's motion to the fact that Ekster sells its products on other websites on which it bases its reference prices, Plaintiff admits his mistake and declares that this case fits neither into the exclusive, nor nonexclusive category. Opp. Br. at 6. Plaintiff asserts that this is so because Ekster treats Amazon.com as an Ekster storefront. Plaintiff thus hopes that this Court will apply the more relaxed standard from the Northern District of California's *Carvalho II* whereby a court may look to "whether a price is false or misleading in light of the price(s) at which that item is generally available for purchase." *Carvalho II*, 2022 WL 17825688, at *5. Curiously, the actual standard from *Carvalho II* does not appear in Plaintiff's opposition.

First, the instant case is not *Carvalho II*. In *Carvalho II*, the computer manufacturer Hewlett Packard provided reference prices based on a manufacturer's suggested retail price, and a sales price, inducing customers to buy using words such as: "Save," "You'll Save," and "You Saved." *Id*. at *1. Ekster, however, does not set suggested retail prices, and does not exhort customers to buy based on the alleged savings. Instead, Ekster's prices are fixed and available on either Ekster's website or its Amazon.com site.

Further, in *Carvalho II*, the court determined that the case did not fit precisely into either the exclusive or nonexclusive category because Plaintiffs had alleged in their Second Amended Complaint that "the 'vast majority' of HP's desktop, laptop, and notebook computers are not sold at the big box retailers." *Id*. at *5. Here, Plaintiff's failure to conduct a meaningful investigation into where Ekster sells its products itself renders it impossible to apply any hybrid standard to his poorly pleaded Complaint. This Court need not accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See In re Gilead Scis. Sec. Litig*, 536 F.3d 1049, 1055 (9th Cir. 2008). Plaintiff has admitted that he should have conducted a meaningful investigation, and he is free to do so following dismissal of the Complaint.

In any event, even were this Court to apply the standard from *Carvalho II*, Plaintiff's claim is a distinction without a difference. Plaintiff has admitted he cannot assert the price at which the product allegedly purchased was "generally available for purchase." Opp. at 5 (quoting *Carvalho II*, 2022 WL 17825688, at *5). Plaintiff instead asserts that it is **Defendant** who must provide such information. *See id.* at 11 ("[T]here is nothing to indicate that Defendant set a $100 prevailing market price on its webstore on Amazon.com that matches the strikethrough price advertised on the Website."). "While those allegations [that a strikethrough price does not actually reflect sale prices on a website in the past] may suffice at the motion to dismiss stage for an exclusive products case, they do not suffice for a non-exclusive products case." *See Carvalho v. HP, Inc. (Carvalho I)*, No. 21-cv-08015-BLF, 2022 WL 2290595, at *4 (N.D. Cal. June 24, 2022).

### C. *Reasonable Consumer Cases*

Ekster moved to dismiss in part on the basis that an ordinary consumer acting reasonably under the circumstances would not have been deceived by Ekster's use of reference pricing. Moving Br. at 6–8. Plaintiff alleges that only when the pricing advertisement itself makes it "impossible" for the Plaintiff to prove that he was deceived is it appropriate to dismiss. Opp. at 7–8. Nonsense. Plaintiff's interpretation ignores the heightened pleading requirements of Rule 9(b), appropriate to each of Plaintiff's claims under the Consumer Protection Statutes. *Walling v. Beverly Enters.*, 476 F.2d 393, 397 (9th Cir. 1973). Rule 9(b) requires that the plaintiff plausibly show what is false or misleading about the purportedly fraudulent conduct, and why it is false. *Shimono*, 2016 WL 6238483, at *5. Taken as a whole, the plaintiff alleging such claims must show a probability that a significant portion of the general consuming public of targeted consumers, acting reasonably under the circumstances, could be misled. *See Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016).

*Williams v. Gerber Prods Co.*, 552 F.3d 934 (9th Cir. 2008), which Plaintiff emphasizes (Opp. at 7–8), does not hold differently. In *Williams*, the district court determined based on its review of fruit juice snack packaging with images of fruits that no reasonable consumer would have been deceived, even if some of the ingredients were artificial. *Williams*, 552 F.3d at 938. The Ninth Circuit reversed, holding that reasonable consumers might be deceived by the primary advertisement alone. *Id.* at 938–39. Here, in contrast, Plaintiff has alleged Ekster engaged in deception based on a review of Ekster's website which referred to pricing that Plaintiff **never reviewed**.

Plaintiff then alleges that given that Ekster did not refer to the source of its reference pricing, it is reasonable to have inferred that Ekster meant former pricing. Opp. at 8. But Plaintiff in fact pleaded to the contrary: "Defendant therefore misled customers, including Plaintiff, into believing that the Reference Prices are, or were genuine former prices and that the 'sale' prices relative to the published Reference Prices, in fact, reflected real and substantial discounts." Dkt. 1-1 ("Compl.") ¶ 66. The truth of course is that Ekster's pricing was real and that Plaintiff's leap of logic was unwarranted and should be rejected. *See Gilead*, 536 F.3d at 1055. Plaintiff urges, however, that this Court's decision in *Real v. Y.M.I. Jeanswear, Inc.*, No. EDCV 17-0870 JGB (DTBx), 2017 WL 11675686 (C.D. Cal. Sept. 1, 2017), provides "important guidance." Opp. at 9. In fact, *Real* is wholly distinguishable. In *Real*, the plaintiff plausibly alleged that the former prices advertised were never the sales prices of the items purchased. *Real*, 2017 WL 11675686, at *4. Plaintiff's Complaint did not and could not plausibly reach that conclusion without an analysis of Ekster's Amazon.com website where the same or similar products are offered. Plaintiff also refers the Court to the Federal Trade Commission Pricing Guidelines, set forth in 16 C.F.R. § 233, but nothing in that section supports Plaintiff's assertion that a strike-through price next to a lower price is reasonably believed to be a former price comparison. *Supra* Part III.A. Moreover, the FTC Guidelines cannot create a private right of action for otherwise non-deceptive

practices absent a showing of direct harm from their violation. *See Sperling*, 291 F. Supp. 3d at 1087. Plaintiff has not shown any such harm.

## IV. TAKING JUDICIAL NOTICE OF AMAZON.COM'S WEBSITE IS APPROPRIATE.

As discussed above, a court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2); *Chester v. TJZ Cos., Inc.*, No. 5:15-cv-01437, 2016 WL 4414768, at *3 (C.D. Cal. Aug. 18, 2016) (granting judicial notice); *see also* Dkt. 24 at 2. For his contention that judicial notice should be denied, Plaintiff in his brief relies solely on the Northern District of California's denial of such a motion in *Carvalho II*. Opp. at 4–5. There, the court declined to grant judicial notice because it found the relevance of the documents "difficult to understand . . . without an analysis" from the requester or an outside expert. *Carvalho II*, 2022 WL 17825688, at *4. Here, the relevance of Ekster's parallel Amazon.com site on which Ekster sells the same line of products at issue is crystal clear. Plaintiff's failure to think of and review Ekster's Amazon.com site demonstrates why Plaintiff's allegations of Ekster's deceptiveness are implausible.

Contrary to Plaintiff's claims in his objection to Defendant's Request for Judicial Notice, granting Defendant's Request would not "raise[] serious factual questions that should not be decided as a matter of law." Dkt. 31-2 at 2. Plaintiff apparently concedes that Ekster's Amazon.com site exists. Opp. at 16. The webstore landing page excerpt sought to be noticed by Defendant relates to a central fact in Plaintiff's Complaint—whether Ekster's pricing is misleading. As shown in Defendant's Request, additional sources beyond Ekster's website (the sole store allegedly searched by Plaintiff) could reveal use of Ekster's reference prices. Dkt. 24 at 2–3. Plaintiff nevertheless overlooks that Amazon.com webpages concerning facts at issue in the Complaint are appropriate subjects for judicial notice. *See id.* (citing *Tarantino v. Gawker Media, LLC*, No. CV 14-603-JFW (FFMx), 2014 WL 2434647, at *1 n.1 (C.D. Cal. Apr. 22, 2014)). And unlike

the requester denied in one of Plaintiff's cited cases, Dkt. 31-2 at 1 (citing *Naddeo v. Plestis Studios, Inc.*, No. CV 20-6955 FMO (MAAx), 2020 WL 10575048, at *2 (C.D. Cal. Nov. 17, 2020)), Defendant is clear about the fact(s) it seeks noticed via the landing page: "the information concerning the sale of Ekster's products, including its aluminum cardholder wallet, which exists in the public realm," including within the Central District, *see* Dkt. 24 at 3–4. And while Defendant does not quibble with Plaintiff's proposition that a "court may deny a request for judicial notice of facts that are not relevant to the question at issue," Dkt. 31-2 at 2–3 (citing *Rouse v. Conner*, No. C 12-2121 PJH, 2012 WL 2589240, at *1 (N.D. Cal. July 3, 2012)), the landing page of Ekster's Amazon.com webstore is *highly relevant* and far from "ambiguous:" this evidence demonstrates why Plaintiff's central allegations of Ekster's deceptiveness are implausible.

Finally, Plaintiff ignores the fact the judicial notice was in fact granted in a number of the cases Plaintiff has advanced for this Court to consider. *See Freeman v. Indochino Apparel, Inc.*, 443 F. Supp. 3d 1107, 1110, 1110 n.1 (N.D. Cal. 2020) (granting unopposed motion for judicial notice of pre-suit demand letters); *see also Sperling*, 2016 WL 11265686, at *3; *Branca v. Nordstrom, Inc.*, No. 14cv2062-MMA (JMA), 2015 WL 1841231, at *7, *7 n.5 (S.D. Cal. Mar. 20, 2015). Plaintiff's objection should be overruled, and Judicial Notice should be granted.

## V.     PLAINTIFF HAS PLEADED NO AFFIRMATIVE MISREPRESENTATIONS IN HIS COMPLAINT.

Rule 8 requires that a plaintiff plead a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In response to Ekster's motion, Plaintiff asserts that he pleaded a fraud claim whereby Ekster engaged in affirmative misrepresentations, not otherwise subject to the economic loss rule. Opp. at 19. But nowhere in the Complaint are those affirmative misrepresentations set forth, and Plaintiff did not take the opportunity in the Opposition to specify where such misrepresentations appear. Nor does Plaintiff set forth a claim for relief in the Complaint with respect to these alleged affirmative

misrepresentations as required under Rule 8 and Rule 9.  To the contrary, Plaintiff only asserts that he did not know of certain "concealed facts" and that Ekster intended to deceive him thereby.  *See* Compl. ¶¶ 81–82.  Had Ekster been alleged to have made affirmative misrepresentations, the specific misrepresentations would have been relied upon by the Plaintiff as an element of the claim.  *See Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 993 (2004).  Short of an amended pleading, the economic-loss rule may well bar Plaintiff's claim of fraudulent concealment,[3] the only such common-law claim pleaded.

## VI.   CONCLUSION.

For the foregoing reasons, this Court should grant Ekster's motion to dismiss with prejudice and dismiss Plaintiff's claims in their entirety without leave to amend, and grant Ekster any and all other just and equitable relief the Court deems fit.

DATED:  December 13, 2023            Respectfully submitted,

**WALKER   STEVENS   CANNOM   LLP**

By: */s/ Hannah Cannom*
HANNAH LYNN CANNOM (SBN 245635)
hcannom@wscllp.com
500 Molino Street, Suite 118
Los Angeles, California 90013
Telephone:    (213) 712-9145
Fascimile:    (213) 403-4906

---

[3] Defendant does not concede that leave should be granted to amend the Complaint. Indeed, given the limitations of Plaintiff's presuit "investigation," and the fact that Defendant's reference prices are disclosed on Amazon.com, leave to amend would be futile. If a reasonable investigation were conducted, Plaintiff may well have not filed this suit.

| | |
|---|---|
| 1 | **WUERSCH & GERING LLP** |
| 2 | |
| 3 | By: */s/ Kevin F. Murphy* |
|   | KEVIN F. MURPHY (admitted *pro hac vice*) |
| 4 | kevin.murphy@wg-law.com |
|   | MICHAEL J. SENZER (admitted *pro hac vice*) |
| 5 | michael.senzer@wg-law.com |
| 6 | 100 Wall St., 10th Floor |
|   | New York, NY 10005 |
| 7 | Telephone: (212) 509-5050 |
| 8 | Facsimile: (212) 509-9559 |
| 9 | |
| 10 | *Attorneys for Defendant* EKSTER INC. |
---

EKSTER INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT
No. 2:23-cv-07908 -- 14

The undersigned, counsel of record for Ekster Inc., certifies that this brief contains 4,409 words, which complies with the word limit of L.R. 11-6.1.

December 13, 2023                               *Hannah L. Cannom*
                                                Hannah L. Cannom