1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| THOMAS PURCELLEY, | Case No. 2:23-cv-07908-WLH-JC |
| --- | --- |
| Plaintiffs, | **S/C Date/Time: 4/2/24 at 11:00 a.m.**<br>**Statements Due: 3/26/24** |
| v. | **ORDER RE TELEPHONIC**<br>**SETTLEMENT CONFERENCE** |
| EKSTER INC. et al., | |
| Defendants. | |

    This case has been referred to Magistrate Judge Jacqueline Chooljian for settlement proceedings.

    The **Telephonic** Settlement Conference is placed on calendar for April 2, 2024 at 11:00 a.m.  **Counsel and the parties/party representatives shall participate by calling telephone number:  (888) 363-4734, Access Code: 7077370**.

    The Magistrate Judge will not be involved in the actual trial of the case and will assist the parties in an objective appraisal and evaluation of the case.  The following are guidelines for the parties in preparing for the Telephonic Settlement Conference.

///


1. The purpose of the Telephonic Settlement Conference is to permit an informal discussion between the attorneys, parties, non-party indemnitors or insurers, and the settlement judge, of every aspect of the case bearing on its settlement value.

2. Settlement proceedings are confidential to the extent permitted by law. No part of a settlement proceeding shall be reported or otherwise recorded, without the consent of the parties, except for any memorialization of a settlement and the Clerk's minutes of the proceedings.

3. Counsel who will try the case must participate in the Telephonic Settlement Conference. In addition, a person with full settlement authority must likewise participate in the conference. This requirement contemplates the telephonic presence of your client or, if a corporate or governmental entity, of an authorized and knowledgeable representative of your client. Plaintiff's representative must have full and final authority, in the representative's sole discretion, to authorize dismissal of the case with prejudice, or to accept a settlement amount recommended by the settlement judge down to the defendant's last offer made prior to the settlement conference. Defendant's representative must have final settlement authority to commit defendant to pay, in the representative's sole discretion, a settlement amount recommended by the settlement judge up to the plaintiff's prayer (excluding punitive damage prayers), or up to the plaintiff's last demand made prior to the settlement conference, whichever is lower. The purpose of this requirement is to have representatives participate who can settle the case during the course of the conference without consulting a superior.

4. If Board approval is required to authorize settlement, the participation of at least one sitting and knowledgeable member of the Board (preferably the Chairman) is absolutely required.

5. Any insurance company that is a party to the case or is contractually required to defend or to pay damages assessed within policy limits, should have a

settlement representative participate in the conference. Such representative must have final settlement authority to commit the company to pay, in the representative's sole discretion, an amount recommended by the settlement judge within the policy limits. The purpose of this requirement is to have an insurance representative participate who can settle the outstanding claim or claims during the course of the conference without consulting a superior. An insurance representative authorized to pay, in the representative's sole discretion, up to the plaintiff's last demand made prior to the settlement conference will also satisfy this requirement. Counsel of record will be responsible for timely advising any involved non-party insurance company of the requirements of this Order.

6. The settlement judge may, in her discretion, converse with the lawyers, the parties, the insurance representatives, or any one of them outside of the hearing of the others.

7. Prior to the Telephonic Settlement Conference, the attorneys are directed to discuss settlement with their respective clients and any pertinent insurance representatives, so that the parameters of possible settlement will have been explored well in advance of the Telephonic Settlement Conference. At the Telephonic Settlement Conference, each party shall be fully prepared to discuss all economic and non-economic factors relevant to a full and final settlement of the case. The Court strongly encourages the exchange of written demands and counter-offers prior to the Telephonic Settlement Conference.

8. No later than **March 26, 2024**, each party shall submit a Settlement Conference Statement (the "Statements") via email to JC_Chambers@cacd.uscourts.gov. The parties shall exchange the Statements on the same date. The Statements should not be filed with the Clerk of the Court, and they will not be made part of the case file. The Statements shall be double-spaced and shall not exceed ten (10) pages in length. The Statements shall include the following:

///

  A. A brief statement of the facts of the case and of the claims and defenses remaining to be tried, including the statutory or other grounds upon which the claims are founded.  This statement should identify the major factual and legal issues in dispute, reflect the position of the submitting party regarding such disputed issues, and cite any controlling authorities.

  B. A fully itemized statement of the damages claimed, and of any other relief sought.

  C. A summary of the proceedings to date, including any case management dates/deadlines already set by the District Judge.

  D. The settlement negotiation history of the case, including a recitation of any specific demands, offers, and/or counter-offers that may have been conveyed.

  9. Each party shall also prepare a Confidential Addendum to Settlement Conference Statement, which shall be emailed directly to Magistrate Judge Chooljian only, along with the Statement.  The Confidential Addendum shall **not** be filed with the Court **or** served upon the other parties.  The Confidential Addendum shall contain:

  A. A forthright evaluation of the party's likelihood of prevailing on each of its claims and/or defenses.

  B. The approximate amount of attorney's fees, time and costs expended to date, and an estimate of the fees, time and costs to be expended for (i) further discovery, (ii) pretrial and (iii) trial.

  C. The party's evaluation of the terms on which the case could be settled fairly, taking into account the litigation position and settlement position of the other side.

  10. Any failure of the trial attorneys, parties or persons with settlement authority to participate in the conference may result in sanctions to include the fees and costs expended by the other parties in preparing for and participating in the conference.  The failure of any party timely to submit a Statement and

Confidential Addendum in compliance with this Order, or otherwise comply strictly with this Order, may result in the Telephonic Settlement Conference being ordered off calendar and sanctions being imposed.

11. If settlement between any or all parties is reached as a result of the Telephonic Settlement Conference, it is the responsibility of all counsel to immediately report the settlement to the District Judge's courtroom deputy clerk, as well as to memorialize timely the settlement. <u>See</u> Local Rule 16-15.7.

12. All papers submitted for the Telephonic Settlement Conference will either be returned to the parties or destroyed by the Magistrate Judge, after the settlement proceedings are concluded, unless the parties agree otherwise.

IT IS SO ORDERED

DATED: March 20, 2024

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE