UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS PURCELLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EKSTER INC., a Delaware corporation; and DOES 1 to 10 inclusive,<br><br>Defendants. | Case No. 2:23-cv-07908-WLH-JC<br><br>**ORDER RE MOTION TO DISMISS [23] AND REQUEST FOR JUDICIAL NOTICE [24]** |

Defendant Ekster Inc. filed a Request for Judicial Notice, ("Request," Docket No. 24) and a Motion to Dismiss. ("Motion," Docket No. 23). For the reasons set forth below, the Court **DENIES** the Request and **GRANTS** the Motion.

**I.     BACKGROUND**

**A.     Procedural History**

Plaintiff Thomas Purcelley ("Plaintiff") commenced this action against Defendant Ekster Inc. ("Defendant") and Does 1 to 10 in Los Angeles Superior Court. ("Complaint," Docket No. 1-1). On behalf of himself and all others similarly situated, Plaintiff alleged that Defendant and Does 1 to 10 violated California's unfair

competition law, (Cal. Bus. & Prof. Code §§ 17200, *et seq.*), California's false advertising law, (*id.* §§ 17500, *et seq.*), and California's Consumer Legal Remedies Act, (Cal. Civ. Code §§ 1750, *et seq.*), in addition to engaging in fraudulent concealment. (Complaint, Docket No. 1-1). Defendant removed the action to this Court shortly after receipt of the Complaint. (Notice of Removal, Docket No. 1 at 2−3).[1] Defendant then filed the present Motion to Dismiss, (Docket No. 23), and Request for Judicial Notice, (Docket No. 24). Plaintiff opposed. (Opp'n, Docket No. 31). The parties stipulated to submit the Motion and RJN without oral argument, (Docket No. 38), a stipulation the Court granted. (Docket No. 41).

## B. Factual Background

For purposes of this Order, the Court takes as true the well-pled facts alleged in the Complaint and views them in the light most favorable to Plaintiff. Plaintiff is a California citizen who purchased an aluminum card holder on Defendant's website for approximately $80. (Compl., Docket No. 1-1 ¶ 7). Defendant is a Delaware corporation that offers for sale on its website "a number of wallets, card holders, bags, accessories, and related items…" (*Id.* ¶ 13). Plaintiff alleges that Defendant's website "represent[s]" the prices for Defendant's goods as "being significantly marked down from a substantially higher originally reference price [("Reference Price")], which is prominently displayed to the customer as being the supposed original price." (*Id.* ¶ 14). For instance, Defendant's website offers for sale an aluminum card holder in gunmetal gray at a price of $80, a price it displays adjacent to a "crossed-out fake Reference Price" of $100. (*Id.* ¶ 17). Plaintiff alleges, however, that "Defendant rarely, if ever, sells its items at the Reference Price," such that the "only purpose of the Reference Price is to mislead customers into believing that…they are receiving a

---

[1] Defendant twice requested to file under seal an attachment to the Notice of Removal, (Docket Nos. 4, 28), but the Court denied both requests for failure to comply with the sealing procedure that the Local Rules contemplate. (Orders, Docket Nos. 22, 32).

substantial markdown or discount, when in reality, the alleged discount is false and fraudulent." (*Id.*).

In August 2023, Plaintiff was browsing Defendant's website and saw that Defendant "represented the [aluminum card holder] as supposedly being on sale at a markdown" of $80 from the Reference Price of $100. (*Id.* ¶¶ 19−20). "Plaintiff paid $80.00 for the card holder, excluding tax." (*Id.* ¶ 22). Plaintiff alleges, however, that

> [t]he truth…is that the card holder Plaintiff purchased was not substantially marked down or discounted, or at the very least, any discount he was receiving had been grossly exaggerated. That is because the card holder Plaintiff bought had never been offered on Defendant's [w]ebsite for any reasonably substantial period of time—if ever—at the Reference Price of $100. In fact, for at least the 90-day period prior to Plaintiff's purchase (and likely for a longer period), Defendant had not offered the card holder at the Reference Price.

(*Id.* ¶ 23). Plaintiff deduces this from an online tool called the "WayBack Machine," which "allows users to view screenshots of websites at particular points in time." (*Id.* ¶ 24). "Defendant knows that the prices are fake and artificially inflated," Plaintiff alleges, "and intentionally uses them in its deceptive pricing scheme…" to "induce[] customers to buy products they never would have bought" or to "pay more for merchandise than they otherwise would have" if they had not thought the product was on sale. (*Id.* ¶ 27). Plaintiff makes these allegations on behalf of himself and "[a]ll persons who purchased one or more of Defendant's products from Defendant's Website while in California from August 1, 2020, through the present…at a discount from a higher reference price and who have not received a refund or credit for their purchase(s)."[2] (*Id.* ¶ 35).

**II.    DISCUSSION**

As set forth below, the Court **DENIES** the Request for Judicial Notice and **GRANTS** the Motion to Dismiss.

---

[2] This class is presently uncertified, as the motion to certify class is forthcoming in this litigation. (*See* Scheduling Order, Docket No. 45).

### A. Request for Judicial Notice

The Court declines to take judicial notice of Exhibit 1 to the Cleary Declaration, (Cleary Decl., Docket No. 23-1 at Exh. 1). In ruling on a motion to dismiss, a court may consider matters of judicial notice without converting the motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907−08 (9th Cir. 2003) (citing *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002)). Judicial notice is only available where the facts are "not subject to reasonable dispute"—meaning they are "generally known within the trial court's territorial jurisdiction[]" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)−(2). "Courts may take judicial notice of publications"—including internet publications—"introduced to 'indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.'" *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 960 (9th Cir. 2010) (quoting *Premier Growth Fund v. Alliance Cap. Mgm't*, 435 F.3d 396, 401 n.15 (3d Cir. 2006)); *see also Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1027−29 (C.D. Cal. 2015) (collecting cases that describe when it is and is not appropriate for a court to take judicial notice of a webpage). "Where a party requests judicial notice, the court "must" grant the request if the moving party "supplie[s] [the court] with the necessary information." Fed. R. Evid. 201(c)(2).

Here, Defendant requests that the Court take judicial notice of "Exhibit 1 to the Cleary Declaration, a copy of the landing page for Ekster's webstore on Amazon.com." (Request, Docket No. 24 at 2; Cleary Decl., Docket No. 23-1 at Exh. 1). Specifically, Defendant requests that the Court take notice of "the existence of Ekster's Amazon webstore," (Request, Docket No. 24 at 3),[3] and "'the information

---

[3] In its Request and accompanying Motion to Dismiss, Defendant argues that "[t]he existence of Ekster's Amazon webstore…underscores Plaintiff's failure to conduct a reasonable investigation…and…relates to…whether Ekster's reference prices were in use." (Request, Docket No. 24 at 3).

4

concerning the sale of Ekster's products, including its aluminum cardholder wallet, which exists in the public realm,'" (Reply, Docket No. 33 (citing Request, Docket No. 24 at 3−4)). The Court **DENIES** the Request. While the "existence of Ekster's Amazon webstore," (Request, Docket No. 24 at 3), would be judicially noticeable to "indicate what was in the public realm at the time" the webpage was published, *Von Saher*, 592 F.3d at 960, Defendant did not indicate in its request the time or date associated with the screenshot of the Amazon webpage, (*see* Pl. Objections, Docket No. 31-2 at 1 n.1 ("Neither the Declaration of Shauna Clearly nor Defendant's Request…identify the precise date on which Exhibit 1 is created…")). As a result, Defendant did not "suppl[y] [the court] with the necessary information" to grant its request to take judicial notice of the existence of the webpage in the public realm at the time. Fed. R. Evid. 201(c)(2); *see also Gerritsen*, 112 F. Supp. 3d at 1028−29 (noting that courts often "hesita[te]" to take judicial notice of webpages because they are often "not capable of accurate and ready determination"). The Court also **DENIES** the Request to take judicial notice of "the information concerning the sale of Ekster's products" on Amazon.com, "including its aluminum cardholder wallet" (Reply, Docket No. 33 (citing Request, Docket No. 24 at 3−4)), because this would require the court to "take judicial notice of the *truth*" of the fact of Ekster's sale of certain products on Amazon, rather than the mere existence of the webpage, which the Court cannot properly do. *Gerritsen*, 112 F. Supp. 3d at 1029 (citing *Von Saher*, 592 F.3d at 960) (emphasis in original). Whether Ekster sold its products, including the aluminum card holder described in the Complaint, on third-party websites is an issue more appropriately resolved on a motion for summary judgment than a motion to dismiss, and the Court declines to transform the present Motion to Dismiss into one for summary judgment at this early juncture in the litigation. See Fed. R. Civ. P. 12(d)

(giving district courts discretion to treat a motion to dismiss as a motion for summary judgment under Rule 56).

### B. Motion to Dismiss

The Court **GRANTS** Defendant's Motion to Dismiss.

#### i. Legal Standard

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint need not include detailed factual allegations but must provide more than a "formulaic recitation of the elements of a cause of action." *Id.* Dismissal under Rule 12(b)(6) is appropriate "only when [the complaint] fails to state a cognizable legal theory or fails to allege sufficient factual support for its legal theories." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016).

The court must "'draw all reasonable inferences in favor of the nonmoving party'" and take its non-conclusory allegations as true. *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014)). The court is not required, however, "to accept as true…legal conclusion[s] couched as…factual allegation[s]." *Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . ."). A heightened pleading standard applies to claims that are "grounded in fraud" or that "sound in fraud." *Vess v. Ciba-Geigy Corp. U.S.A.*, 317 F.3d 1097, 1103−04 (9th Cir. 2003) (cleaned up). For those causes of action, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A pleading is sufficient under Rule 9(b) if it identifies "the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Walling v. Beverly Enters.*, 476 F.2d 393, 397 (9th Cir. 1973). Pursuant to Fed. R. Civ. P.

15(a)(2), when a motion to dismiss is granted, courts should "freely give leave [to amend] when justice so requires."

     ii. *Unfair Competition Law, False Advertising Law, and Consumer Legal Remedies Act Claims*

The Court **GRANTS** the Motion to Dismiss the Unfair Competition Law, False Advertising Law, and Consumer Legal Remedies Act claims with leave to amend. California's Unfair Competition Law prohibits any "unlawful, unfair or fraudulent business act or practice." ("UCL," Cal. Bus. & Prof. Code §§ 17200, *et seq.*). California's False Advertising Law prohibits any "unfair, deceptive, untrue or misleading advertising." ("FAL," Cal. Bus. & Prof. Code §§ 17500, *et seq.*).[4] California's Consumer Legal Remedies Act prohibits "unfair methods of competition and unfair or deceptive acts or practices." ("CLRA," Cal. Civ. Code §§ 1770, *et seq.*).

Together, these three statutes are governed by the "'reasonable consumer' test." *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (quoting *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995). "[T]he reasonable consumer standard requires a probability 'that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (quoting *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003)). Stating a claim for violations of the UCL, FAL, or CLRA accordingly "requires more than a mere possibility that" a challenged statement "'might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.'" *Id.*; *see also Moore v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021) (describing the reasonable consumer standard as "not a negligible burden").

Where a complaint alleges violations of the UCL, FAL, and CLRA flowing

---

[4] A violation of the FAL necessarily violates the UCL. *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 950 (2002) (internal quotations omitted).

7

from a deceptive pricing scheme, the allegations sound in fraud and Rule 9(b)'s heightened pleading standard applies. *Ostrovskaya v. St. John Knits, Inc.*, No. CV 21-3243-DMG-PVCx, 2022 WL 2102895, at *2 (C.D. Cal. 2022) (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009)); *see also Cafasso, ex. Rel. U.S. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (explaining that Rule 9(b) requires that a plaintiff "identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent conduct, and why it is false") (internal quotations omitted). In such circumstances, courts have reasoned that Rule 9(b) requires plaintiffs to "explain how [the defendant's] comparative reference prices are inflated or why they do not accurately reflect prevailing market prices," *Sperling v. DSW Inc.*, No. EDCV 15-1366-JGB (SPx), 2015 WL 13309476, at *9 (C.D. Cal. Nov. 19, 2015); *see also Branca v. Nordstrom, Inc.*, No. 14-cv-2062-MMA (JMA), 2015 WL 10426858, at *7 (S.D. Cal. Oct. 9, 2015) (explaining that it is up to the plaintiff to "set forth what is false or misleading about a statement and why it is false").

When deciding whether complaints satisfy 9(b)'s pleading standards, courts in this district have drawn distinctions between so-called "'exclusive product' cases and 'non-exclusive product' cases." *Sperling v. Stein Mart, Inc.*, 291 F. Supp. 3d 1076, 1084 (C.D. Cal. 2018) (collecting cases).[5] In exclusive products cases, the defendant is alleged to be the exclusive retailer of the good and plaintiff alleges that the advertised reference price is fictious and does not reflect a price at which that exclusive defendant-retailer ever sold the good. *See id.* In such cases, courts often deny motions to dismiss so long as the complaint alleges that the reference price was fictious and the good was never sold elsewhere at the reference price. *See, e.g., Branca v. Nordstrom, Inc.*, No. 14cv2062-MMA (JMA), 2015 WL 10436858, at *7−8

---

[5] *Sperling v. Stein Mart, Inc.* concerns a summary judgment motion, but many of the cases cited therein concern motions to dismiss comparative price claims, as here. 291 F. Supp. 3d 1076, 1084−86 (C.D. Cal. 2018).

8

(S.D. Cal. Oct. 9, 2015) (denying a motion to dismiss FAL, UCL, and CLRA claims where the complaint alleged that defendant's goods "were never sold elsewhere" for the reference price and that defendant itself had also never sold the goods at the reference price); *see also Rubenstein v. Neiman Marcus Group LLC*, 687 Fed. App'x 564, 567−68 (9th Cir. 2017) (reversing a district court's grant of a motion to dismiss in an exclusive products case because the plaintiff cannot reasonably be expected to have access to defendant's internal pricing scheme and Rule 9(b) is "relaxed as to matters within the opposing party's knowledge").

By contrast, in "non-exclusive product cases" where "more than one retailer offers the product at issue for sale," plaintiffs must plead facts showing that it is plausible that the reference price is misleading. *Stein Mart*, 291 F. Supp. 3d at 1084; *see also Sperling v. DSW Inc.*, No. EDCV 15-1366-JGB (SPx), 2015 WL 13309476, at *8 (C.D. Cal. Nov. 19, 2015) (granting a motion to dismiss UCL, FAL, and CLRA claims where the plaintiff had not alleged "any facts to show that [the advertised reference price]…would be inconsistent with the 'prevailing market price'"). This is so because there are "legitimate prices to which to compare the defendant's comparative reference price," *id.*, and courts have therefore reasoned that Plaintiff's allegations must reflect a "reasonable investigation rather than mere information and belief" to satisfy 9(b). *Shimono v. Harbor Freight Tools USA, Inc.*, No. EDCV16-1052-CAS (MRWx), 2016 WL 6238483, at *5−6 (C.D. Cal. Oct. 24, 2016) (denying a motion to dismiss because plaintiff's allegations displayed a reasonable investigation into prices at third-party retailers none of which reflected the reference price that was allegedly misleading) (cleaned up).

Here, Plaintiff has failed to satisfy Rule 9(b)'s heightened pleading standard with respect to its UCL, FAL, and CLRA claims. The Complaint alleges that the References Prices on Defendant's website are misleading because "Defendant rarely, if ever, sells its items at the Reference Price." (*Id.* ¶¶ 16−17). Plaintiff's complaint does not, however, contain any allegations regarding whether Defendant is the sole

9

retailer of its aluminum card holders or whether third-party retailers also sell the card holders, (*see generally* Complaint, Docket No. 1-1). To satisfy Rule 9(b), Plaintiff must "explain how [the defendant's] comparative reference prices are inflated or why they do not accurately reflect prevailing market prices." *DSW*, 2015 WL 13309476, at *9. Plaintiff has not done so here. Even accepting as true—as the Court does here—that Defendant never (or almost never) sells its goods at the Reference Prices as the Complaint alleges, (Compl., Docket No. 1-1 ¶¶ 16−17), the Complaint has failed to plead facts showing that the Reference Price is misleading. That is so because the Complaint contains no allegation that Defendant was the exclusive retailer, such that it is only *possible* that the Reference Price is misleading if Defendant never offered the good at that price. The other possibility, of course, is that the Reference Price is not misleading at all but rather an accurate reflection of what third-party sellers charge for the same or similar goods. *C.f. Iqbal*, 556 U.S. at 678 (providing that, even under the lesser pleading burden of Rule 8, a plaintiff must show that its claim is plausible—not just possible). Absent an allegation that Defendant is the exclusive seller of the goods described in the Complaint, *see, e.g.*, *Branca*, 2015 WL 10436858, the Court cannot infer that the advertised price is misleading solely from the allegation that "Defendant rarely, if ever, sells its items at the Reference Price." (*Id.* ¶¶ 16−17). Nor does the Complaint contain allegations that a "reasonable investigation" of third-party sellers of similar or the same goods shows that the reference price is misleading. *C.f. Shimono*, 2016 WL 6238483, at *5−6 (denying a motion to dismiss where the plaintiff pled facts showing, *inter alia*, that non-party Amazon sold the same product as defendant for far less than the reference price defendant advertised). In such circumstances, the Court finds that the Complaint fails to satisfy Rule 9(b)'s heightened pleading standards as to the UCL, FAL, and CLRA claims, and to the Court **DISMISSES** those claims with leave to amend.[6] In light of this reasoning, the

---

[6] Because the Court declined to convert this Motion to Dismiss into a motion for summary judgment, it also declines to consider extrinsic evidence Plaintiff offers of

Court need not, and does not, reach Defendant's other arguments for dismissal of these claims. (Mot., Docket No. 23 at 6−10).

### iii. Fraudulent Concealment Claim

The Court also **DISMISSES** the fraudulent concealment claim for failure to satisfy Rule 9(b).[7] "Under California law, the elements of fraudulent concealment are: '(1) the defendant concealed a material fact; (2) the defendant was under a duty to disclose the fact to the plaintiff; (3) the defendant concealed or suppressed the fact with an intent to defraud; (4) the plaintiff was unaware of the fact and would have acted if he or she had known about it; and (5) the concealment caused the plaintiff to sustain damage.'" *Taragan v. Nissan North America, Inc.*, No. C 09-3660 SBA, 2013 WL 3157918, at * 5 (N.D. Cal. June 20, 2013) (quoting *Williamson v. Gen. Dynamics Corp.*, 208 Fl3d 1144, 1156 n.3 (9th Cir. 2000)). Here, Defendant argued that the fraudulent concealment claim is barred by the economic loss rule, and in the alternative that the complaint fails to state a claim for fraudulent concealment under Rule 9(b). (Mot., Docket No. 23 at 11−12). The Court agrees with Defendant that Plaintiff's fraudulent concealment claim, like its other claims above, is insufficiently pleaded under Rule 9(b) as the allegations are conclusory in nature. (*See id.* at 12 n.6; *see, e.g.*, Compl., Docket No. 1-1 ¶ 81 ("Plaintiff and the Class did not know of the concealed facts"); *id.* ¶ 83 ("Had the omitted information been disclosed, Plaintiff reasonably would have behaved differently")). Having found that the Complaint fails

---

third-party seller pricing. (Ferrell Decl., Docket No. 31-1 ¶ 2 (averring that "the aluminum cardholder item in the gunmetal grey color is not available for purchase on Defendant's Amazon.com webpage"). The appropriate place for such third-party seller information is in the forthcoming amended complaint, as Plaintiff recognizes. (*See* Opp'n, Docket No. 31 ("Plaintiff is amenable to amending the Complaint to plead the fact that Plaintiff's investigation of the Amazon.com webpage of Defendant currently does not show even a single aluminum cardholder offered for sale at $100).

[7] The parties agree that the heightened pleading standard of Rule 9(b) also applies to the fraudulent concealment claim. (*See* Mot., Docket No. 23 at 12; Opp'n, Docket No. 31 at 20−21 (not addressing or opposing the argument that 9(b) applies)); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (applying 9(b) to a fraudulent concealment cause of action).

to state a claim for fraudulent concealment based on its conclusory allegations, the Court need not decide the applicability of the economic loss rule to the fraudulent concealment claim at this juncture. (*See* Reply, Docket No. 33 at 2 n.1 (advising the Court of a forthcoming California Supreme Court ruling on the applicability of the economic loss rule to fraudulent concealment claims). The Court, however, **ORDERS** the parties to file with this Court a notice of decision within ten days of the California Supreme Court's issuance of its expected ruling in *Dhital v. Nissan N. Am.*, 304 Cal. Rptr. 3d 82 (2023) (granting certiorari).

### III. CONCLUSION

For the foregoing reasons, the Request is **DENIED**, and the Motion is **GRANTED.** Plaintiff shall file an amended complaint consistent with this order within 21 days of its issuance, as well as a redline of that amended complaint against the dismissed Complaint.

**IT IS SO ORDERED.**

Dated: April 4, 2024

_____
HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE