WALKER STEVENS CANNOM LLP
HANNAH LYNN CANNOM (SBN 245635)
hcannom@wscllp.com
500 Molino Street, Suite 118
Los Angeles, California 90013
Telephone:    (213) 712-9145
Fascimile:    (213) 403-4906

WUERSCH & GERING LLP
KEVIN MURPHY (admitted *pro hac vice*)
Kevin.Murphy@wg-law.com
MICHAEL SENZER (admitted *pro hac vice*)
Michael.Senzer@wg-law.com
100 Wall St., 10th Floor
New York, New York 10005
Telephone: (212) 509-5050
Facsimile: (212) 509-9559

Attorneys for Defendant EKSTER INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| Thomas Purscelley, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>EKSTER INC., a Delaware corporation and DOES 1-10<br><br>*Defendants*. | Case No. 2:23-cv-07908-WLH-JC<br><br>**DEFENDANT EKSTER INC.'S ANSWER TO THE FIRST AMENDED CLASS ACTION COMPLAINT OF PLAINTIFF THOMAS PURSCELLEY** |

Defendant Ekster Inc., a Delaware corporation ("Defendant" or "Ekster"), through its undersigned counsel and pursuant to the Federal Rules of Civil Procedure, answers and pleads affirmative and other defenses to the First Amended Class Action Complaint ("FAC") of Thomas Purscelley ("Plaintiff" or "Purscelley").  Ekster's responses are made without waiving, and expressly reserving, all rights that Ekster has to file dispositive motions to address some or all of the claims asserted in the FAC. Except as expressly admitted herein, each and every allegation in the FAC is denied.

Ekster responds to the specific allegations in the enumerated paragraphs in the FAC as follows:

## **INTRODUCTION**[1]

Ekster deems the unnumbered, conclusory, allegations in the Introduction section of the FAC not to constitute allegations of the FAC and, therefore, no response is required.  To the extent that a response is required, Ekster denies the allegations in the Introduction.

## **NATURE OF ACTION**

1. The allegations in paragraph 1 of the FAC are legal conclusions to which no response is required.  To the extent that a response to the allegations in paragraph 1 is required, denied.

2. The allegations in paragraph 2 of the FAC are denied.

3. The allegations in paragraph 3 of the FAC are denied.

---

[1] The section headings in the FAC do not to constitute allegations, nor does the Plaintiff's Prayer for Relief. To the extent any section headings do so constitute, Ekster admits or denies them consistent with its responses to the allegations contained in the numbered paragraphs of the FAC.  Specific denials of characterizations appear in quotes. To the extent that Plaintiff's Prayer for Relief constitutes an allegation, it is denied.

4. The allegations in paragraph 4 of the FAC are legal conclusions to which no response is required. To the extent that a response to the allegations in paragraph 4 is required, denied.

5. Ekster admits that Plaintiff seeks certain specified relief in paragraph 5 of the FAC. Plaintiff's allegations therein are otherwise denied.

6. The allegations in paragraph 6 of the FAC are legal conclusions to which no response is required. To the extent that a response to the allegations in paragraph 6 is required, denied.

## THE PARTIES

7. Ekster denies the allegations characterizing Ekster's pricing contained in paragraph 7 of the FAC. Ekster is otherwise without sufficient information to admit or deny Plaintiff's citizenship and residency.

8. Ekster admits the allegations of paragraph 8 of the FAC.

9. The allegations in paragraph 9 of the FAC contain legal conclusions to which no response is required. To the extent that a response to the allegations in paragraph 9 is required, they are denied.

## JURISDICTION AND VENUE

10. The allegations in paragraph 10 of the FAC contain legal conclusions to which no response is required.

11. Ekster admits the allegations of paragraph 11 of the FAC insofar as Ekster sent the product at issue to an address in San Gabriel, located in Los Angeles County, and otherwise denies the allegations of paragraph 11.

12. The allegations of paragraph 12 of the FAC contain legal conclusions to which no response is required. With respect to where Plaintiff made his alleged purchase of the product at issue, Ekster is otherwise without sufficient information to admit or deny the allegations. Ekster otherwise denies the allegations of paragraph 12.

## GENERAL ALLEGATIONS

13. Ekster admits the allegations contained in paragraph 13 of the FAC.

14. Ekster denies the allegations in paragraph 14 of the FAC.

15. Ekster denies the allegations in paragraph 15 of the FAC.

16. Ekster denies the allegations in paragraph 16 of the FAC.

17. Ekster denies the allegations in paragraph 17 of the FAC.

18. Ekster denies the allegations in paragraph 18 of the FAC.

19. Ekster denies the allegations in paragraph 19 of the FAC.

20. With respect to paragraph 20 of the FAC, Ekster is without sufficient information to admit or deny Plaintiff's awareness of any factual or legal issue in the action. Ekster otherwise denies the allegations.

### A. Plaintiff's Purchase of the "Falsely" Advertised Card Holder.

21. With respect to paragraph 21 of the FAC, Ekster is without sufficient information to admit or deny the allegations as to whether and how Plaintiff made his alleged purchase of the product at issue. Ekster admits that it listed the limited-edition Astral wallet at a sales price of $80 on Ekster's website. Ekster otherwise denies the allegations of paragraph 21.

22. With respect to paragraph 22 of the FAC, Ekster is without sufficient information to admit or deny the allegations as to what Plaintiff saw concerning the product at issue. Ekster admits that the Astral wallet was sold relative to a strikethrough price on Ekster's website. Ekster otherwise denies the allegations of paragraph 22.

23. With respect to paragraph 23 of the FAC, Ekster admits that it was conducting a sale of certain products. Ekster otherwise denies the allegations of paragraph 23.

24. With respect to paragraph 24 of the FAC, Ekster admits that it was conducting a sale of certain products. Ekster otherwise denies the allegations of paragraph 24.

25. With respect to paragraph 25 of the FAC, Ekster admits that it was conducting a sale of certain products. Ekster lacks knowledge or information sufficient to admit or deny the truth of the allegations of what Plaintiff saw, purchased or relied upon. Ekster otherwise denies the allegations of paragraph 25.

26. With respect to paragraph 26 of the FAC, Ekster admits that it issued a sales receipt to Plaintiff in the amount of $80 concerning the product at issue. Ekster otherwise denies the allegations of paragraph 26.

27. Ekster denies the allegations of paragraph 27 of the FAC.

28. With respect to paragraph 28 of the FAC, Ekster admits that it issued a sales receipt to Plaintiff in the amount of $80 concerning the product at issue. Ekster otherwise denies the allegations of paragraph 28.

29. With respect to paragraph 29 of the FAC, Ekster admits that Ekster listed an Aluminum cardholder wallet on the Ekster website at a sales price of $89 on January 24, 2023. Plaintiff's leap of logic with respect to Plaintiff's pricing apart from January 2023 is denied.

30. With respect to paragraph 30 of the FAC, Ekster admits that it offered a New Year's Sale on wallets. Ekster otherwise denies the allegations of paragraph 30.

31. With respect to paragraph 31 of the FAC, Ekster admits that it offered a sale on wallets in April 2023. Ekster otherwise denies the allegations of paragraph 31.

32. With respect to paragraph 32 of the FAC, Ekster denies the allegations.

33. With respect to paragraph 33 of the FAC, Ekster admits the allegations.

34. Ekster denies the allegations of paragraph 34 of the FAC.

35. With respect to paragraph 35 of the FAC, Ekster admits that California consumers purchase Ekster's products from its website and Amazon.com store. Ekster otherwise denies the allegations of paragraph 35.

36. With respect to paragraph 36 of the FAC, Ekster does not have sufficient knowledge to admit or deny whether other retailers have a "minimal footprint" as alleged.

37. With respect to paragraph 37 of the FAC, Ekster admits that Ekster products are available at www.productpine.com and otherwise denies the allegations.

38. With respect to paragraph 38 of the FAC, Ekster admits that Ekster products are available at www.kinzd.com and otherwise denies the allegations.

39. With respect to paragraph 39 of the FAC, Ekster denies the allegations.

40. With respect to paragraph 40 of the FAC, Ekster is without sufficient information to admit or deny the allegations as to the price retailers apart from Amazon.com offered concerning the product at issue.

41. With respect to paragraph 41 of the FAC, Ekster is without sufficient information to admit or deny the allegations as to the prevailing market price concerning the product at issue.

42. With respect to paragraph 42 of the FAC, Ekster denies the allegations.

43. With respect to paragraph 43 of the FAC, Ekster admits that it offered a sitewide sale of certain products. Ekster lacks knowledge or information sufficient to admit or deny the truth of the allegations of what Plaintiff saw, purchased or relied upon. Ekster otherwise denies the allegations of paragraph 43.

44. With respect to paragraph 44 of the FAC, Ekster denies the allegations.

**B.  Research Shows That the Use of Reference Price Advertising "Schemes" Similar to Defendant's Influences Consumer Behavior and Affects Consumers' Perceptions of a Product's Value.**

45. With respect to paragraph 45 of the FAC, Ekster is without sufficient information to admit or deny the allegations concerning the research findings cited. Ekster otherwise denies the allegations of paragraph 45.

46. With respect to paragraph 46 of the FAC, Ekster is without sufficient information to admit or deny the allegations concerning the research findings cited.

47. With respect to paragraph 47 of the FAC, Ekster is without sufficient information to admit or deny the allegations concerning the research findings cited.

48. With respect to paragraph 48 of the FAC, Ekster is without sufficient information to admit or deny the allegations concerning the research findings cited.

49. With respect to paragraph 49 of the FAC, Ekster is without sufficient information to admit or deny the allegations concerning the research findings cited.

50. Paragraph 50 of the FAC contains legal conclusions to which no response is required. Ekster otherwise denies the allegations.

## CLASS ACTION ALLEGATIONS

51. Paragraph 51 of the FAC contains legal conclusions to which no response is required. To the extent a response is required, Ekster denies the allegations of paragraph 51.

52. Paragraph 52 of the FAC contains legal conclusions to which no response is required. To the extent a response is required, Ekster denies the allegations of paragraph 52.

53. Paragraph 53 of the FAC contains legal conclusions to which no response is required. To the extent a response is required, Ekster denies the allegations of paragraph 53.

54. Paragraph 54 of the FAC contains legal conclusions to which no response is required. To the extent a response is required, Ekster denies the allegations of paragraph 54.

55. Paragraph 55 of the FAC contains legal conclusions to which no response is required. To the extent a response is required, Ekster denies the allegations of paragraph 55.

56. Paragraph 56 of the FAC contains legal conclusions to which no response is required. To the extent a response is required, Ekster denies the allegations of paragraph 56.

57. Paragraph 57 of the FAC contains legal conclusions to which no response is required. To the extent a response is required, Ekster denies the allegations of paragraph 57.

58. Paragraph 58 of the FAC contains legal conclusions to which no response is required. To the extent a response is required, Ekster denies the allegations of paragraph 58.

59. Paragraph 59 of the FAC contains legal conclusions to which no response is required. To the extent a response is required, Ekster denies the allegations of paragraph 59.

## CAUSES OF ACTION

### First Cause of Action

### Violation of California's Unfair Competition Law

### Cal. Bus. & Prof. Code §§ 17200, *et seq.*

### (By Plaintiff Against Defendants on Behalf of the "Class")

60. Paragraph 60 of the FAC contains non-substantive statements to which no response is required.

61. Paragraph 61 of the FAC contains legal conclusions to which no response is required. To the extent a response is required, Ekster denies the allegations of paragraph 61.

62. Paragraph 62 of the FAC contains legal conclusions to which no response is required. To the extent a response is required, Ekster denies the allegations of paragraph 62.

**"Unlawful" Actions**

63. Paragraph 63 of the FAC contains legal conclusions to which no response is required. To the extent a response is required, Ekster denies the allegations of paragraph 63.

64. Ekster denies the allegations of paragraph 64 of the FAC.

65. Paragraph 65 of the FAC contains legal conclusions to which no response is required. To the extent a response is required, Ekster denies the allegations of paragraph 65.

66. Ekster denies the allegations of paragraph 66 of the FAC.

67. Paragraph 67 of the FAC contains legal conclusions to which no response is required. To the extent a response is required, Ekster denies the allegations of paragraph 67.

68. Ekster denies the allegations of paragraph 68 of the FAC.

69. Ekster denies the allegations of paragraph 69 of the FAC.

70. Paragraph 70 of the FAC contains legal conclusions to which no response is required. To the extent a response is required, Ekster denies the allegations of paragraph 70.

71. Ekster denies the allegations of paragraph 71 of the FAC.

72. Ekster denies the allegations of paragraph 72 of the FAC.

73. Ekster admits the allegations of paragraph 73 insofar as it is responsible for the manufacture of Ekster products and sets pricing for its products in conjunction with pricing policies of third-party retailers. Ekster otherwise denies the allegations of paragraph 73.

74. Ekster admits the allegations of paragraph 74 insofar as certain of its products for a limited period of time were advertised on its website at a reference price set at an ending digit -0 rather than an ending digit -9, i.e., one (1) dollar higher than the recommended regular price. Ekster otherwise denies the allegations of paragraph 74.

75. Ekster denies the allegations of paragraph 75 of the FAC.

76. Ekster denies the allegations of paragraph 76 of the FAC.

77. Ekster denies the allegations of paragraph 77 of the FAC.

**"Unfair" Actions**

78. Paragraph 78 of the FAC contains legal conclusions to which no response is required. To the extent a response is required, Ekster denies the allegations of paragraph 78.

79. Ekster denies the allegations of paragraph 79 of the FAC.

80. Ekster denies the allegations of paragraph 80 of the FAC.

**"Fraudulent" Actions**

81. Paragraph 81 of the FAC contains legal conclusions to which no response is required. To the extent a response is required, Ekster denies the allegations of paragraph 81.

82. Ekster denies the allegations of paragraph 82 of the FAC.

83. Ekster denies the allegations of paragraph 83 of the FAC.

84. Ekster denies the allegations of paragraph 84 of the FAC.

85. Ekster denies the allegations of paragraph 85 of the FAC.

86. Ekster denies the allegations of paragraph 86 of the FAC.

87. Ekster denies the allegations of paragraph 87 of the FAC.

88. Paragraph 88 of the FAC contains legal conclusions to which no response is required. To the extent a response is required, Ekster denies the allegations of paragraph 88.

89. Ekster denies the allegations of paragraph 89 of the FAC.

90. With respect to paragraph 90 of the FAC, Ekster notes that Plaintiff seeks certain relief but denies that he, or others is/are entitled to that relief.

91. With respect to paragraph 91 of the FAC, Ekster notes that Plaintiff seeks certain relief but denies that he, or others is/are entitled to that relief.

92. With respect to paragraph 92 of the FAC, Ekster notes that Plaintiff seeks certain relief but denies that he, or others is/are entitled to that relief.

**Second Cause of Action**

**Violation of California's False Advertising Law**

**Cal. Bus. & Prof. Code §§ 17500,** *et seq.*

**(By Plaintiff Against Defendants on Behalf of the "Class")**

93. Paragraph 93 of the FAC contains non-substantive statements to which no response is required.

94. Paragraph 94 of the FAC contains legal conclusions to which no response is required. To the extent a response is required, Ekster denies the allegations of paragraph 94.

95. Paragraph 95 of the FAC contains legal conclusions to which no response is required. To the extent a response is required, Ekster denies the allegations of paragraph 95.

96. Ekster denies the allegations of paragraph 96 of the FAC.

97. Ekster denies the allegations of paragraph 97 of the FAC.

98. Ekster denies the allegations of paragraph 98 of the FAC.

99. Ekster denies the allegations of paragraph 99 of the FAC.

100. Ekster admits the allegations of paragraph 100 insofar as certain of its products for a limited period of time were advertised on its website at a reference price set at an ending digit -0 rather than an ending digit -9, i.e., one (1) dollar higher than the recommended regular price. Ekster otherwise denies the allegations of paragraph 100.

101. Ekster denies the allegations of paragraph 101 of the FAC.

102. Ekster denies the allegations of paragraph 102 of the FAC.

103. Ekster admits the allegations of paragraph 103 insofar as it is responsible for the manufacture of Ekster products and sets pricing for its products in conjunction with pricing policies of third-party retailers. Ekster otherwise denies the allegations of paragraph 103.

104. Ekster denies the allegations of paragraph 104 of the FAC.

105. Ekster denies the allegations of paragraph 105 of the FAC.

### Third Cause of Action

**Violation of the California Consumer Legal Remedies Act**

**Cal. Civ. Code §§ 1750,** *et seq.*

**(By Plaintiff Against Defendants on Behalf of the "Class")**

106. Paragraph 106 of the FAC contains non-substantive statements to which no response is required.

107. Paragraph 107 of the FAC contains legal conclusions to which no response is required. To the extent a response is required, Ekster denies the allegations of paragraph 107.

108. Ekster denies the allegations of paragraph 108 of the FAC.

109. Ekster denies the allegations of paragraph 109 of the FAC.

110. Ekster denies the allegations of paragraph 110 of the FAC.

111. Ekster denies the allegations of paragraph 111 of the FAC.

112. Ekster denies the allegations of paragraph 112 of the FAC.

## Fourth Cause of Action

## Fraudulent Concealment

### (By Plaintiff Against Defendants on Behalf of the "Class")

113. Paragraph 113 of the FAC contains non-substantive statements to which no response is required.

114. Ekster denies the allegations of paragraph 114 of the FAC.

115. Ekster denies the allegations of paragraph 115 of the FAC.

116. Ekster denies the allegations of paragraph 116 of the FAC.

117. With respect to paragraph 117 of the FAC. Ekster lacks knowledge or information sufficient to admit or deny the truth of the allegations of what Plaintiff or the alleged "Class" saw, purchased or relied upon. Ekster otherwise denies the allegations of paragraph 117.

118. Ekster denies the allegations of paragraph 118 of the FAC.

119. Ekster denies the allegations of paragraph 119 of the FAC.

120. Paragraph 120 of the FAC contains legal conclusions to which no response is required. To the extent a response is required, Ekster denies the allegations of paragraph 120.

121. Ekster denies the allegations of paragraph 121 of the FAC.

122. Ekster denies the allegations of paragraph 122 of the FAC.

## AFFIRMATIVE DEFENSES

Ekster states the following affirmative defenses:

### FIRST DEFENSE

### (No Claim on Which Relief Can be Granted)

1. Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

### (Failure to Meet Class Certification Requirements, Generally)

2. This action is not a proper class action, and cannot be properly certified as such, because Plaintiff cannot establish the existence of each of the requirements under Federal Rule of Civil Procedure 23 and other relevant legal authority.

### THIRD DEFENSE

### (Failure to Meet Representation Requirement)

3. This case may not be maintained as a class action because Plaintiff is not similarly situated to the persons whom he purports to represent.

### FOURTH DEFENSE

### (No Proximate Cause)

4. Ekster's conduct, alleged or otherwise, was not the proximate cause of the alleged injuries and/or damages suffered by Plaintiff, members of the purported class, or members of any subclass.

### FIFTH DEFENSE

### (Assumption of the Risk)

5. Any harm suffered by Plaintiff was caused by his/her/their respective assumption of the risk by failing to investigate Ekster's prices at multiple retailers,

failing to register any complaint with Ekster and failing to take advantage of Ekster's refund policy.

### SIXTH DEFENSE

**(No Material Misrepresentation or Omission)**

6. Ekster made no material misrepresentation or omission of any kind to Plaintiff.

### SEVENTH DEFENSE

**(Plaintiff's Claim is Duplicative of Contract Claim)**

7. The claim asserted by Plaintiff sounding in fraud is duplicative and barred by the existence of the purchase contract Plaintiff entered with Ekster.

### EIGHTH DEFENSE

**(Economic Loss Rule)**

8. The claim asserted by Plaintiff sounding in fraudulent concealment is barred by the economic loss rule.

### NINTH DEFENSE

**(Waiver)**

9. The claims asserted by Plaintiff are barred by waiver as Plaintiff failed to take advantage of Ekster's refund policy and failed to register any complaint to Ekster.

### TENTH DEFENSE

**(No Violation of Duty Owed)**

10. Ekster did not violate any duty allegedly owed to Plaintiff or members of the purported class or any subclass, including but not limited to any common law duty, statutory or regulatory standard, imposed by state or federal law.

## ELEVENTH DEFENSE

### (Good Faith)

11. Ekster acted at all times in good faith and is therefore not liable for punitive, liquidated damages or attorneys' fees.

## TWELFTH DEFENSE

### (No Cognizable Damages)

12. Plaintiff and any member of the purported class or subclass have suffered no cognizable damages.

## THIRTEENTH DEFENSE

### (Class Action Not Superior)

13. Plaintiff cannot establish or maintain a class action because it cannot be demonstrated a class action is superior to other methods available for adjudicating any controversy.

## FOURTEENTH DEFENSE

### (Plaintiff's Failure to Mitigate Damages)

14. Plaintiff has failed to mitigate his damages, if any, by failing to register his complaint with Ekster and failing to take advantage of Ekster's refund policy.

## FIFTEENTH DEFENSE

### (Plaintiff's Lacks Standing)

15. Plaintiff lacks standing to maintain a suit for claims set forth in the FAC.

## SIXTEENTH DEFENSE

### (Business Justification)

16. Plaintiff's claims are barred because Ekster's actions were undertaken in good faith and justified by legitimate business motives, purposes, and reasons, and with the absence of malicious intent to injure Plaintiff, and constituted lawful, proper and justified activities.

## SEVENTEENTH DEFENSE

**(Unclean Hands)**

17. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTEENTH DEFENSE

**(No Attorney's Fees Can be Awarded to Plaintiff)**

18. Plaintiff's claim does not support the award of attorneys' fees incurred by Plaintiff in the litigation of this action. If, however, it is found that attorneys' fees are awardable under the Complaint and, in the event Ekster prevails in this action, it should be awarded reasonable attorneys' fees.

## NINTEENTH DEFENSE

**(Reservation of Right to Amend and Assert Additional Defenses)**

19. Ekster reserves the right to amend this Answer and assert additional affirmative defenses.

## TWENTIETH DEFENSE

**(Indemnification)**

20. Ekster is entitled to a right of indemnification by apportionment against all other parties and persons whose negligence contributed proximately to the happening of the claimed accident or alleged injuries.

## TWENTY-FIRST DEFENSE

**(Acts, Omissions and Misrepresentations of Others)**

21. By virtue of acts, omissions, misrepresentations of Plaintiff and/or third parties, Ekster has incurred damages and expenses, all in amounts to be ascertained and applied as an offset against the claims of Plaintiff.

## **DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Ekster having fully responded to the Plaintiff's Complaint, respectfully requests that the Court:

1. Enter judgment in favor of Ekster and against Plaintiff on the claims in Plaintiff's Complaint, deny all relief sought by Plaintiff, and dismiss Plaintiff's Complaint, with prejudice;

2. Award Ekster its costs, including reasonable attorneys' fees, and expenses incurred in connection with this action; and

3. Award Ekster such other and/or further legal or equitable relief as the Court may deem just and proper.

DATED:  April 26, 2024                    Respectfully submitted,

**WALKER STEVENS CANNOM LLP**
By: */s/ Hannah L. Cannom* _____
Hannah L. Cannom (SBN 245635)
hcannom@wscllp.com

**WUERSCH & GERING LLP**
By: */s/ Kevin Murphy* _____
Kevin.Murphy@wg-law.com (pro hac)
Michael.Senzer@wg-law.com (pro hac)

*Attorneys for Defendant*
*Ekster Inc.*