**PACIFIC TRIAL ATTORNEYS**
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA  92660
Tel: (949) 706-6464
Fax: (949) 706-6469
Attorneys for Plaintiff

**WALKER STEVENS CANNOM LLP**
HANNAH LYNN CANNOM (SBN 245635)
hcannom@wscllp.com
500 Molino Street, Suite 118
Los Angeles, California 90013
Telephone: (213) 712-9145
Facsimile: (213) 403-4906
Attorneys for Defendant EKSTER INC.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| THOMAS PURSCELLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EKSTER INC., a Delaware corporation; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-07908-WLH-JC<br><br>**JOINT APPLICATION TO FILE UNDER SEAL**<br><br>[Filed Concurrently with Local Rule 37 Joint Stipulation re Discovery Dispute]<br><br>Motion Date: June 25, 2024<br>Motion Time: 9:30 a.m.<br>Discovery Cut-Off: September 27, 2024<br>Pretrial Conference: December 20, 2024<br>Filed: August 11, 2023<br>Trial Date: January 7, 2025 |

1  TO THE COURT, CLERK, ALL PARTIES AND THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE: Plaintiff Thomas Purscelley ("Plaintiff") and Defendant Ekster Inc. ("Defendant"), by and through their undersigned counsel, stipulate, agree, and jointly request that pursuant to Federal Rule of Civil Procedure 26(c) and Civil Local Rule 79-5.2.2(a) and the Court's Protective Order at ECF No. 43, that the Court seal certain documents which contain Defendant's confidential information.  Specifically, the Parties seek to seal the following items filed in support of the Parties' Local Rule 37 Joint Stipulation re Discovery Dispute ("LR 37 Joint Stipulation"), filed concurrently herewith:

- LR 37 Joint Stipulation at 8:3-5, 8:9-11, 12:9-10;
- Knowles Declaration Exhibits F and G; and
- Murphy Declaration Exhibit 3.

The foregoing items designated to be filed under seal are designated as "Confidential" pursuant to the Court's January 3, 2024, Protective Order at ECF No. 43, and contain nonpublic, commercially sensitive information the disclosure of which would cause competitive harm to Defendant.

While courts historically have recognized a general right of the public to access court records, the Ninth Circuit has "carved out an exception to the presumption of access to judicial records ... [that is] expressly limited to judicial records filed under seal when attached to a non-dispositive motion." *See In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-02509-LHK, 2013 WL 163779, at *2 (N.D. Cal. Jan. 15, 2013). Accordingly, parties seeking to seal materials related to non-dispositive motions must show cause rather than the more restrictive "compelling need" standard that applies in connection with dispositive motions.  *See Linex Techs., Inc. v. Hewlett–Packard Co.*, No. C 13–159 CW, 2014 WL 6901744, at *1 (N.D. Cal. Dec. 8, 2014).

Requesting parties may meet this "good cause" burden by showing that the information sought to be withheld creates a risk of significant competitive injury and particularized harm.  *See Fujikura Ltd. v. Finisar Corp.*, Case No. 15-mc-80110-HRL (JSC), 2015 WL 5782351, at *8 (N.D. Cal. Oct. 5, 2015) (citing *Phillips v. Gen*

*Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2006)). The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

Good cause exists to grant the Parties' joint request to seal because disclosure of the subject information could, and unquestionably would, harm Defendant. As the Supreme Court has recognized, sealing may be appropriate to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978). Accordingly, courts routinely seal information where disclosure could harm a litigant's competitive standing. *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (applying Ninth Circuit law and stating that "it seems clear that if Apple's and Samsung's suppliers have access to their profit, cost, and margin data, it could give the suppliers an advantage in contract negotiations, which they could use to extract price increases for components.").

Here, the Parties seek to seal three items and limited argument references in the LR 37 Joint Stipulation document that provides this Court with nonpublic, commercially and competitively sensitive information regarding Defendant's sales data from California. The information contained therein is nonpublic and protected internally at Defendant. Publicly disclosing such information would subject Defendant to competitive harm. Good cause therefore exists to order the sealing of those limited items.

For the foregoing reasons, the Parties request that the Court seal (1) pages/lines 8:3-5, 8:9-11, and 12:9-10 of the LR 37 Joint Stipulation; (2) Knowles Declaration Exhibits F and G; and (3) Murphy Declaration Exhibit 3[1], as indicated in the Proposed Order submitted herewith.

///

---

[1] Exhibit 3 is an Excel file, produced in native format, that has been converted to pdf form for this filing.

///

///

Respectfully requested,

Date: May 6, 2024             PACIFIC TRIAL ATTORNEYS

By: */s/ Victoria Knowles*
Victoria Knowles

*Attorneys for Plaintiff Thomas Purscelley*

Date: May 6, 2024             WALKER STEVENS CANNOM LLP

By:*/s/Hannah Cannom*
Hannah L. Cannom

WUERSCH & GERING LLP

By:*/s/ Kevin Murphy*
Kevin Murphy

*Attorneys for Defendant Ekster Inc.*

I, Scott J. Ferrell, hereby certify that the content of this document is acceptable to all persons required to sign this document and that I obtained the authorizations necessary for the electronic signatures of all parties for this document.

/s/    *Scott J. Ferrell*
Scott J. Ferrell

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2024, I electronically filed the foregoing **JOINT APPLICATION TO FILE UNDER SEAL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

                                                */s/ Scott J. Ferrell Esq.*
                                                Scott J. Ferrell, Esq.